: GEORGE W. BARNES v. THE STATE.

1. Confessions made while under arrest, and induced by promises or threats, cannot be used against the party making them; and it is a presumption of law that the influence of the threats or promises continued to operate, until such a period as rebutting proof clearly shows that it had ceased to operate.

2. The clear purport and intent of Article 3127, Paschal's Digest, is, that · the confession of a defendant shall not be used in evidence against him,

unless it be made to appear that at the time the confession was made, it was voluntarily made, after having been cautioned that it might be used against him ; that the caution must immediately precede the confession, and also that after the caution the confession was voluntary.

3. See this case for confessions held not to be voluntary.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

The opinion of the court sufficiently discloses the facts of the case.

*E. Higby*, and *W. P. Bacon*, for the appellant.

*Wm. Alexander*, *Attorney-General*, for the State. The only question presented by this case, is the proper construction of Article 662, Code of Criminal Procedure (Paschal's Digest, 3127), and its proper application to the facts of this case.

The article in question reads as follows :

" The confession shall not be used, if, at the time it was made,
" the defendant was in jail or other place of confinement, nor
" while he is in custody of an officer, unless such confession be
" made in the voluntary statement of the accused, taken before
" an examining court, in accordance with law, or be made vol-
" untarily after having been first cautioned that it may be used
" against him ; or, unless in connection with such confession he
" make statement of facts or of circumstances, that are found to
" be true, which conduce to establish his guilt, such as the find-
" ing of secreted or stolen property, or instruments with which
" he states the offense was committed."

The facts connected with this question, as detailed in the statement of facts, are as follows :

Upon appellant's arrest, he was placed in the custody of the marshal of Austin, who induced him (appellant) to go to the mayor's house to make a confession : the inducement was, it would be better for him to tell all he knew about the murder —but no confession was then made, or, at least, none then made is brought forward.

At the time of the private interview with the mayor above alluded to, a statement was made by the prisoner, which was reduced to writing ; and on that occasion, the mayor cautioned the prisoner " in pursuance of the statute, that any confession " he might make could be used against him on subsequent " trial, but could not be used in his favor.   That he subsequent- " ly cautioned him as before, at the time of his examination." But no statement or confession made by him on either of those occasions, was offered in evidence on the trial.

About two days after the examination before the Mayor, the witness, Caddell, and three deputy sheriffs, took the prisoner out of jail about 9 o'clock at night (having their faces covered), and endeavored to force him to make a statement as to where the money was, which was taken at the time of the murder of Philpot.   The means used in endeavoring to force him to make a statement are not detailed ; but may be inferred from one significant fact stated by the witness, one of the party, " that " Stokes had a rope around the neck of prisoner"—but the prisoner made no confessions that night.

About a month after the arrest of the prisoner, he made to witness Caddell a full confession of the circumstances of the murder (he being then in jail).   It does not appear that any in- ducements of any kind were used to procure this confession, nor that any warning was given that any confession might be used against him at a subsequent trial.   So far as the record shows, the confession was voluntary.

About the same time, and at sundry other times (all subse- quent to the attempt above detailed, to force a confession), the prisoner (still in jail) made statements to witness Hartson, to the same tenor and effect with the confession to Caddell ; which confession to Hartson " was voluntarily made, without " threats or inducements being made or offered to the defendant " at the time," and equally without any warning given at the time of the use which might be made against him of any state- ment he might make.

In this state of the facts bearing upon the subject, it was pro-

posed by the District Attorney in the court below, to introduce the confessions made to Caddell and Hartson as evidence to the jury; which was objected to by the defense, for the reason that Caddell and Hartson, at the time the confessions were made, did not warn him (appellant) that the statements he might make could be used against him on any subsequent trial; and the court below overruled the objection on the ground that appellant had been twice distinctly cautioned by the mayor on that subject in the terms of the statute, and that those warnings were sufficient to authorize the admission of the statements made to Caddell and Hartson.

The first question that presents itself is this:    " To allow the " use of the confession in evidence, is it necessary, that *at the* " *time it is made*, and *every time* it is made, the accused be " cautioned in the terms of the statute ? "

The best mode of answering this question is, to refer to the language of the statute.    (Article 662, C: C. P.)    It will be found on examination, that no language is there used, which *directly* answers the question in the affirmative.

The words " at the time it was made " only refer to the condition of the prisoner, as to duress, but have no relation to the clauses subsequent, commencing with the word " unless."    The idea here offered will be easily elucidated, without doing violence to the sense, by changing the collocation of the words, so as to read as follows:

" If the defendant was in jail or other place of confinement, " or in the custody of an officer at the time the confession was " made, it shall not be used: unless such confession was made," etc.    The sentence, as it stands in the law, is awkwardly constructed, but its meaning is clear, and, when presented in the above form, is free from ambiguity.

The law also provides that the confession must " be made " voluntarily, after having been *first* cautioned," etc.    There is nothing here that implies that the caution must *immediately* precede the confession.    The word *first* means no more than " beforehand," and does not fix the time for the caution to the

moment next before the confession, but conveys simply the idea that the caution shall have been given before the confession is made.

If it had been the intention of the Legislature that the caution must, invariably, immediately precede the confession, other and stronger language would have been employed. The insertion of the words so familiar to the legal mind, " then and " there," so as to read " after having been *then and there* first " cautioned," etc., would have given exactly that sense : but they were not so inserted, for it was not so intended.

The idea, then, finds no support in the words of the law.

On examination of both text-books and reports, we find nothing directly assisting in this investigation. At common law the subject of caution to the prisoner, as to the effect of his statements, had by no means the prominence given to it by our statute. The legal mind was turned principally to the inquiry whether the confession was voluntary, or was obtained by influences or inducements brought to bear upon the prisoner's mind ; and beyond a suggestion that the magistrate, upon the examination of a prisoner, should caution him that his statements would be taken in writing, and could be used against him, little or nothing has been said or decided on this point.

We are therefore under the necessity of reasoning from first principles, since the precise language of the statute fails to furnish a ground of decision.

What, then, was the intention of the law ? Obviously, in its humanity, it provided that the prisoner should not, in his ignorance, make confessions, in the belief that he could do so with impunity, and be afterwards surprised by the introduction of them in evidence against him ; and to that end, it requires that he shall be distinctly informed of the fact that his confession may be so used.

When that fact has been placed in his knowledge, and he has thus been put upon his guard, the spirit of the law has been satisfied, and its object is attained ; and any repetition of the caution (so far as relates to the particular offense then charged)

would be but the performance of a useless formality, in inform-
ing him of what he already knew.

Inasmuch, therefore, as it appears that in the case under
consideration the prisoner was duly cautioned by the magistrate
in the terms of the statute, and as it is not to be supposed that
a matter of such importance to him would have escaped from
his memory within the space of a month, it is believed that the
·confessions made to Caddell and Hartson were properly allowed
to be given in evidence to the jury.

OGDEN, J. The only question presented by the record of
this case, which is considered material in determining the merits
of this appeal, is in relation to the admission by the court to
the jury of the confessions of the defendant, made under the
circumstances as disclosed by the statement of facts and the bill
of exceptions.

It appears from the evidence, that soon after the murder of
Philpot, a man who had signified a desire to make a statement
in regard to that murder, was taken to the private office of the
Mayor of the City of Austin, and Mayor Glenn testifies that the
statement was then made, and reduced to writing. The testi-
mony of the mayor, as presented in the record, does not show
positively who that man was, but, from his further statement,
it may be presumed that it was the defendant Barnes, as he tes-
tifies that he then cautioned the defendant, in pursuance of the
statute, that any confessions he might make could be used in evi-
dence against him on any subsequent trial. That he subsequently
cautioned him in the same manner at the time of his prelimi-
ary examination. The defendant was committed by the mayor,
to await a trial for the murder of Philpot.

But it is somewhat remarkable, that on the trial in the Dis-·
trict Court, that statement or confession made by the defendant,
and reduced to writing before the mayor, was not offered in
evidence, nor the absence of the written statement properly ac-
counted for, and the contents proven. But it does appear from
the testimony of Hartson, one of the deputy sheriffs, that about

two days subsequent to the commitment by the mayor, he, in company with several other persons, all disguised, took the defendant out of jail one. night, put a rope around his neck, and endeavored to force a statement from him, but no confession was extracted from the defendant at that time.

It further appears from the testimony of Caddell and Hartson, that about a month after defendant's arrest, he was again taken from the jail into one of the lower rooms of the courthouse, by the same, or at least some of the same persons who had previously attempted to force a confession from him, and while there in the custody of the officers, he did make a confession of the murder of Philpot;. and upon the proof of this and subsequent confessions made to the same parties, he was convicted of murder in the first degree, and has. appealed to this court for a correction of the alleged errors in the judgment of the lower court.

The legal proposition that confessions made while under an arrest, induced by promises or threats, cannot be used in evidence against a party making them, has been too long and definitely settled to now require argument or citation of authority to sustain it. It is also quite well settled, as a presumption. of law, that the influence of threats or promises once made continue to operate until rebutted by proof clearly showing that it had ceased to operate. (Peter v. The State, 4 Smedes & Marshall, 31; Van Buren v. The State, 24 Miss., 513; The State v. Guild, 5 Halstead, 163; The State v. Field & Webber, 4 Tenn., 140.)

In the case at bar, the defendant, after having been once threatened with death by hanging, by parties in disguise, and again taken from the jail by the same parties, evidently for the purpose of again repeating the threat, possibly in a more effectual manner, and without any assurance or caution, was induced to make the confession proven on the trial. Under such circumstances, though one of the witnesses testified that the confession was voluntarily made, yet without any proof why the defendant was so taken from the jail, or what was done or said

to him to induce the confession, it would ·be exceeding hard to convince a reasonable mind that the influence of the former threat had wholly ceased.

Again, in the cases of Peter *v.* The State, and in Van Buren *v.* The State, above cited, the courts lay down the very reasonable rule that where violence, or threats, or promises, have been used to induce a confession, there must be very clear and strong evidence of a subsequent explicit caution or warning, sufficient to free the mind of any influence of hope or fear, and to clearly establish the fact that any subsequent confession was entirely voluntary, before the same is admissible in evidence. There is no proof that the appellant in this case received any caution after the threatening demonstrations with the rope, or after the caution given by the mayor a month before the confession was made. But there is positive proof that at the time of the confession no caution was given, and from the characters of the parties to whom the confession was made, as appears from the record, and the part they had taken in order to force a confession, it is quite evident that proof is true.

Our statute, Article 3127, Paschal's Digest, is quite clear and positive on the subject of the admission of the confession of an accused as evidence against him; and we think the clear purport and intent of the statute is that the confession of a defendant shall not be used in evidence against him, unless it be made to appear that at the time the confession was made, it was voluntarily made, after having been cautioned that it might be used against him; that the caution must immediately precede the confession, and also that after the caution the confession was voluntary. We think the spirit and intent of our statute, as well as the almost uniform tenor of decisions upon similar laws, were not observed on the trial of this case, and that the court erred in overruling the motion for a new trial.

The judgment is therefore reversed, and the cause remanded,

Reversed and remanded.