E. D. MURRAY, PLAINTIFF IN ERROR, vs. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. Where there are two counts in an information, both based upon the
   same statute, and both relating to the same transaction, and the
   two counts are only meant to meet the various aspects in which
   the evidence may present itself, it is not error in the court to re-
   fuse to compel the Solicitor to elect upon which count he will
   proceed.

2. The Criminal Court records of the conviction and sentence of a party
   are proper evidence in a case wherein the prisoner is being tried
   for assisting the party to escape from jail, whose trial, conviction
   and sentence are shown by said records.

3. Where a party has been tried and sentenced to the State Prison, he
   is in the legal custody of the Sheriff of the county, after such sen-
   tence, until he is transferred to the State Prison.

4. Where evidence is offered to show the confession of a party charged
   with crime was not voluntary, and the evidence is objected to
   because the confession was induced through improper influences,
   it is error in the court to refuse to enquire into whether or not
   the confession was voluntarily made, an I to submit such question
   to the jury. Such a question is to be decided by the court, and
   not by the jury.

5. Confessions of a party accused of crime are not admissible in
   evidence unless it is clearly shown that they were voluntarily
   made.

6. Confessions obtained through improper influences will be presumed
   to continue and enter into and give color to all subsequent con-
   fessions unless the contrary is *clearly shown.*

7. The names of all witnesses to be relied upon by the State should ap-
   pear upon the back of the indictment or information, so that the
   accused may know by what witnesses he is to be confronted, and
   to enable him to prepare for his defence, but it is not error to
   call during the trial, witnesses other than these whose names ap-
   pear on the indictment or information.

Writ of Error to the Criminal Court of Record for Orange
county.

The facts of the case are stated in the opinion of the court.

*Alex. St. Clair Abrams* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MITCHEEL, J.: The plaintiff in error was convicted in the County Criminal Court of Record of Orange county, for aiding a prisoner to escape, and the case is before this court on writ of error.

The first error assigned is : The court erred in not requiring the County Solicitor to elect on which count in the information he would try the accused.

The information is predicated upon the statute, McClellan's Dig., 372, sec. 13, which is: "Whoever conveys into a jail, or other like place of confinement, any disguise, instrument, tool, weapon or other thing adapted or useful to aid a prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, or by any means whatever, aids or assists such prisoner in his endeavor to escape therefrom, whether such escape is effected or attempted or not ; and whoever forcibly rescues any prisoner held in custody upon any conviction or charge of an offence, shall be punished by imprisonment in the State penitentiary not exceeding ten years nor less than one year."

The first count of the information charges the defendant with carrying into the jail of Orange county a certain tool, to wit: a saw, with the intent to facilitate the escape of one Raymond, then legally confined in said jail.

The second count charges the defendant with an attempt to assist the said Raymond to escape from jail, stating what the attempt was.

The contention is, that the information charges the de-

530 SUPREME COURT.

Murray vs. State of Florida—Opinion of Court.

fendant with two separate and distinct offences, but is this correct? Both counts refer to the same transaction, and the penalty for the violation of every offence (if more than one) contained in the section of the statute is the same, and we cannot see how the defendant could have been misled, or how he could have been injured by the information containing the two counts. The pleader by filing two counts only did so for the purpose of meeting the different aspects of the case. Mr. Bishop, in his work on Criminal Procedure, Vol. 1, sec. 457, says: "The general rule in felony is, that the court will permit the prosecutor to give evidence of only one felonious transaction; but when it appears on the opening of the case, and during the trial, that there is no more than one criminal transaction involved, and the joinder of the different counts is meant only to meet the various aspects in which the evidence may present itself, the court will not restrict the prosecution to particular counts, and will suffer a general verdict to be taken on the whole." This we understand to be the rule, and hence there was no error in the court below in refusing to force the Solicitor to elect upon which count he should try the accused.

The second error assigned is: The court erred in admitting the record of the trial and conviction of John B. Raymond, by the Criminal Court of Record.

There was no error in admitting said records.

The third error assigned is: The court erred in permitting J. C. Anderson testify to his having Raymond in the jail of Orange county after his sentence to the penitentiary.

After the conviction of Raymond, he was in the custody of Anderson waiting to be conveyed to the penitentiary, and the contention of counsel for the plaintiff in error is, that after sentence it was the duty of the Sheriff to convey him to the penitentiary, and that the Sheriff could not legally confine Raymond in the county jail after sentence to the peniten-

tiary, and that for that reason the plaintiff in error committed no offence in his alleged attempt to assist Raymond in escaping from the jail.

The fifth section of Chapter 3034, Laws of Florida, entitled " An act to provide for the employment of persons convicted of crime and sentenced to the State prison, and for the custody, maintenance and discipline of such convicts, and for other purposes," approved March 3, 1877, provides that " all prisoners contracted for shall be delivered to the contractor or contractors at the State prison, or such other place as the Adjutant-General and contractors may agree upon."

Under the contract entered into on the 25th day of November, 1885, between David Lang, Adjutant-General for the State, and Charles K. Dutton, contractor, in pursuance of the provisions of said section of said act, it is stipulated and agreed by and between the parties to said contract, " that he, the said Charles K. Dutton, will receive and take at the jails of the several counties of said State, from the Adjutant-General of said State, or any officer who may have the custody thereof, each and every person who may * * be sentenced to imprisonment in the State prison of the said State by any court of the State of Florida, of competent jurisdiction, the same to be received and taken on and as of the day of his or her sentence being pronounced, and that he, the said Charles K. Dutton, will promptly pay all costs and expenses of feeding, confining, maintaining, keeping, providing and caring for each and every person so convicted and sentenced, which may accrue after his or her sentence shall have been pronounced, to whomsoever the same or any part thereof may be payable, whether it be to the State of Florida, or any county, or officer, or individual, and that he will save the State of Florida and each county and officer

harmless against the payment of the same or any part thereof."

Now, under this contract entered into, in pursuance of the fifth section of said act, it is evident, we think, that it was the intention of the contracting parties, that after a party is sentenced to the penitentiary, he remains in the custody of the Sheriff until he is sent for by the contractor, and if so, the detention of the convict by the Sheriff during the time he is waiting to be removed to the State prison, is legal. In other words, that the convict is legally in the custody of the Sheriff until he is turned over to the contractor, and that the court below committed no error in allowing the evidence in regard to Raymond's imprisonment to go to the jury.

It is as we understand it, the practice for the Sheriffs of the different counties to wait until the close of each term of the Circuit Court, and to then inform the contractor of the number of convicts in his hands, when the contractor at once sends his guards and receives the convicts from the Sheriff, and there can certainly be no objection to this practice, as the contractor can inform himself as to convictions, and it is certainly his interest to take them from the jails as soon as possible, and save the expense he is put to in guarding and feeding them in the jails.

The fourth error assigned is: That the court erred in permitting S. S. Puckett to testify as to the statement or confession made to him by the accused. During the trial the State produced S. S. Puckett as a witness to prove statements or confessions of guilt made to him by the accused, to the introduction of which evidence the defendant, by his counsel objected, "because the said statement or confession, if any was made, was made by the accused while a prisoner in the hands of an officer, and was made as a result of inducements held out to him by S. S. Puckett, the witness,

and was made under hope of favor and reward." The objection was overruled by the court, and the evidence so offered was admitted.

The record shows that the witness, Puckett, was deputy Sheriff of Orange county, and that he as such deputy Sheriff had the accused in charge at the time of the alleged confession to him, the said Puckett.

The confession of the accused was admitted by the court without first enquiring into and ascertaining as to whether the alleged confession was voluntary, or whether it was induced by undue influences held out to him by the officer who had him in charge; and the Judge charged the jury " that the confessions of a prisoner made under fear, or under the promise of reward, would render the confessions incompetent evidence, whether such promise of reward was made directly or indirectly."

When the confession of a party accused of crime is offered in evidence, and the same is objected to because the confession was induced through illegal methods, it is the duty of the court to rule upon the question so raised, and to admit or refuse to admit the evidence so offered; the court being the exclusive judge of the legality of the evidence; but in stead of doing this the court below left the whole question to the jury to decide whether or not the evidence admitted was legal. This was clearly error. Simon vs. State, 5 Fla., 285; Metzger vs. State, 18 Fla., 481; Commonwealth vs. Culver, 126 Mass., 464; Barnes vs. State, 36 Texas, 356; Murphy vs. State, 63 Ala., 1; Wharton's Criminal Evidence, 648; 1 Greenleaf on Evidence, section 213, *et seq*.

The record also shows that the defendant, subsequently to his confession to Puckett, confessed to the commission of the crime with which he was charged to the Sheriff and County Solicitor of Orange county, and as the evidence in the case, after eliminating the confessions of the accused, was not

sufficient to convict upon, hence the greater reason why the court should have enquired into the confession first made, for the purpose of ascertaining whether it was voluntarily made, or whether it was made through improper influences brought to bear upon him by the officer having him in custody. When the confessions of the defendant were offered in evidence and objected to, before they could be admitted legally, it was incumbent upon the State *to most clearly show* that the first confession was *voluntary*, for where improper means are resorted to to induce a confession and the confession is made through hope of favor, or fear of punishment, it is a presumption of law that all subsequent confessions by the accused, as to the same offence, are made under the influences which induced the first confession, and until this presumption is removed the confession cannot legally go to the jury. See Coffee vs. State, decided at the present term, and numerous cases there cited.

The fifth error assigned is: The court erred in permitting S. S. Puckett and other witnesses to testify, whose names were not placed on the back of the information, or furnished to the defendant or his counsel before they were called.

It is not clear what course the County Solicitor pursued, whether he placed the names of any witnesses on the back of the information or not, but it was his duty to place the names of all the witnesses he intended to use on the back of the information, for it is a right the accused has, as far as possible, to know the names of the witnesses who are to testify against him, so as to enable him to prepare for his defence, and this is, we think, the practice. The State should never seek an undue advantage, but if officers acting for the State can by information accuse a man of crime and refuse or neglect to inform the accused as to the witnesses who are to testify against him, it would be an undue advantage. But we do not intend to say that the State cannot during

the trial of a cause call witnesses whose names do not appear upon the back of the indictment or information, for the ends of justice may frequently require other witnesses to be called by the State; Mann vs. State, 22 Fla., 600; but we do say that when a grand jury finds an indictment the names of the witnesses upon whose testimony it was found should be placed on the back of the indictment, and that when a prosecuting officer files an information it is his duty to place upon the back of the information the names of the witnesses from whom he derives his knowledge authorizing him to file the information and upon whom he intends to rely.

The seventh error assigned is: The court erred in permitting the State to introduce as evidence the piece of saw enclosed in wood.

There was no error in allowing this evidence to go to the jury.

There were various other questions raised in the case, but these are mainly as to the evidence, and as the case will have to be reversed for the errors stated *supra*, we refrain from expressing any opinion in regard thereto.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.