CLARENCE E. DARBY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. It is not error for the trial court to refuse to require the State to elect upon which count of the indictment it will rely for conviction where there are two counts for falsely and fraudulently altering a county warrant, both alleging the alteration of the same paper, based upon the same transaction, and the only difference being as to the person or body corporate that was intended to be defrauded.

2. Within the meaning of Section 2479, Revised Statutes, a person can commit the crime of forgery with intent to defraud a county.

3. Under an indictment for the forgery of a county warrant that does not pass current as money, proof on the part of the State that the warrant went into the hands of the accused in its original unaltered condition, and that he subsequently passed it for value in a forged condition, is sufficient to show that the accused either altered the order himself, or caused it to be done, or by conspiracy with others assented to the alteration, and such testimony, in the absence of satisfactory showing that he had no complicity with the forgery, is sufficient to sustain a verdict of guilty.

Writ of error to the Circuit Court for Holmes county.

The facts in the case are stated in the opinion of the court.

*Lucius J. Reeves and D. L. McKinnon,* for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

MABRY, J.:

Plaintiff in error was indicted and convicted in Holmes county for falsely and fraudulently altering a county warrant. The indictment contains two counts, both alleging the issuance of a certain order, commonly called a county warrant, signed by the chairman of the board of county commissioners and county auditor of Holmes county, and directing the county treasurer of the county to pay J. B. Newton ten dollars for account audited and directed to be paid by the board; that the plaintiff in error while in possession of said order or warrant falsely and fraudulently erased the word "ten" before dollars in the body thereof, and inserted in its place the words "one hundred." The original order, or warrant, as issued to Newton for ten dollars, and as it was after the alteration, is set out in both counts of the indictment and the only difference in the counts is that in the first the alteration is alleged to have been made with the intent to injure and defraud the county of Holmes, a body politic and corporate of the State of Florida, and in the second with intent to injure and defraud a certain concern called Sanford Lumber Company, a corporation under the laws of the State of Flor-

ida.   No attack was made on the indictment either be-
fore or after verdict.

After the testimony for the State was closed the de-
fendant moved the court that the State be required to
elect upon which count of the indictment it would rely
for a conviction, and this motion was refused.   Both
counts of the indictment allege the alteration of the
same paper, are based upon the same transaction, and
the only variation is in reference to the person, or body
corporate, that was intended to be defrauded.   The re-
fusal of the court to require the State to make an elec-
tion under a sufficient indictment containing such
counts is clearly not error under our previous rulings.
Murray v. State, 25 Fla. 528, 6 South. Rep. 498; Gant-
ling v. State, 40 Fla. 237, 23 South. Rep. 857; Eggart
v. State, 40 Fla. 527, 25 South. Rep. 144.

There is a contention on behalf of counsel for plain-
tiff in error that we should not sustain the conviction
under the indictment, though not questioned in the
court below, because it fails to allege the alteration of
the order or warrant with intent to injure or defraud
some person.   The statute, section 2479, Revised Stat-
utes, it is claimed, requires that the alteration or forgery
shall be with intent to injure or defraud a person.   It
is provided by the statute that whosoever falsely makes,
alters, forges or counterfeits certain writings, among
them an order for money, with intent to injure or de-
fraud any person, shall be punished by imprisonment in
the State prison not exceeding ten years, or in the coun-
ty jail not exceeding one year.   There is in the first
division of the Revised Statutes under the title "Gen-
eral provisions applicable to the whole Revision," a pro-
vision that the word "person" may extend and be ap-
plied to a corporation.   Chapter 1, §1, Revised Statutes.

It is also provided in section 2895 that "when an

intent to defraud is required to constitute any offence, it shall be sufficient to allege in the indictment an intent to defraud, without naming therein the particular person or body corporate intended to be defrauded, and on the trial it shall be sufficient, and shall not be deemed a variance, if there appear to be an intent to defraud the United States or any State, county, city, town or parish, or any body corporate, or any public officer in his official capacity, or any copartnership or members thereof, or any particular person." Clearly within the meaning of our statutes, a person can commit the crime of forgery with intent to defraud a county, and such an offence is alleged in one of the counts in the indictment found against the defendant.

As no assault was made on the indictment in the trial court, we pass over mere formal defects in it, if any exist, and examine to see if it contains substantially a charge of the offence of which the accused was convicted. It is our opinion that the indictment in this respect is sufficient, and there is no basis for a reversal of the judgment on the ground that no charge whatever was preferred against the accused.

The chief and only other contention is that the testimony does not support the verdict. It was shown that a county warrant for ten dollars was issued by the board of county commissioners to J. B. Newton who transferred it by endorsement to one Butram who in turn transferred it in its original unaltered condition to the defendant in Holmes county. He arranged with the Sanford Lumber Company to get lumber and pay for it with county warrants, and upon the receipt of the lumber in Holmes county mailed the warrant in question in that county to the president of the lumber company in Washington county. The warrant was received by the president of the company by due course of mail

with the word "ten" before dollars erased, and the words "one hundred" inserted in lieu thereof in the body of the warrant.    There was clear proof that the warrant had been altered in the particular mentioned. The president of the lumber company received the warrant in its altered condition in payment for the lumber, and presented it to the proper county official in settlement of taxes when it was rejected on the ground that it had been raised.    It was thus made apparent that a valid county warrant for ten dollars went into the possession of the accused, and that he subsequently passed it in a materially altered condition in payment of a debt. This showing of itself amounted to complete proof that the accused either altered the order himself, or caused it to be done, or by false conspiracy with others assented to the alteration.

In reference to an order that does not pass current as money under the state of facts mentioned, an accused would rightly be condemned in the absence of satisfactory showing that he had no complicity whatever with the forgery.    Cases hold that under such a state of facts the accused should show the actual perpetrator of crime and that he was not in privity.    State v. Morgan, 2 Dev. & Bat. 348; Perkins v. Commonwealth, 7 Gratt. 651, S. C. 56 Am. Dec. 123.    The conclusion of this court in Smith v. State, 29 Fla. 408, 10 South. Rep. 894, is not inconsistent with the views we here announce.    The accused in the present case did undertake to show that he was not the author of the forgery.    He admitted the receipt from Butram of a ten-dollar warrant in favor of Newton, and also that he mailed to the president of the lumber company a hundred dollar warrant in favor of the same party in payment for lumber.    He claimed that he sold the ten-dollar warrant to a colored man who was a stranger in the

country, and subsequently bought the warrant sent to the lumber company from another man who was also a stranger and could not be found. The effort at explanation on the part of the accused was, in effect, that he parted with the ten-dollar warrant to a stranger, and afterwards purchased from another stranger the warrant in an altered condition without any knowledge of the alteration on his part, and passed it to the lumber company. He introduced testimony tending to sustain his defence and which, if it had been accepted by the jury, would have been sufficient; but the trouble with the accused is that the jury evidently did not believe his testimony. There was sufficient apparent infirmity in it to justify the jury in rejecting it if they saw proper, and without it there can be no doubt as to the sufficiency of the State's showing to warrant a conviction.

The judgment will be affirmed.