## POSEY v. STATE. (8 Div. 977.)

(Court of Appeals of Alabama. June 13, 1922.)

**1. Criminal law ☞763, 764(2)—Charge held not to be on effect of testimony.**

In a prosecution for robbery, an instruction that the state has introduced some testimony that defendant was discovered shortly after the store was broken into in possession of some of the stolen goods was not violative of Code 1907, § 5362, prohibiting a charge on the effect of the testimony.

**2. Criminal law ☞1091(9)—Bill of exceptions to court's oral charge held incomplete and unintelligible.**

A bill of exceptions to the court's oral charge that "The law says that one found in possession of recently stolen property unless that possession is accounted for, you must—" and "Or where there is a burglary and the breaking in is shown that * * * one of the parties breaking in and entering such store," held incomplete and unintelligible.

**3. Criminal law ☞822(16)—Charge on reasonable doubt held sufficient in view of entire charge.**

A charge that a reasonable doubt is not a vague, speculative, imaginary something, but such a doubt as would cause reasonable men to act on it in matters of importance, held not error when considered in view of the entire charge.

**4. Burglary ☞38—Evidence of possession by accused of stolen property admissible.**

Where the breaking, entering, and taking of goods from a store had been shown, it was competent for the state to show defendant's possession of similar goods, and his moving these goods in the nighttime.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Sherman Posey was convicted of burglary, and he appeals. Affirmed.

The grounds of objection noted to the oral charge of the court are as follows:

"Second. The law says that one found in possession of recently stolen property, unless that possession is accounted for, you must—

"Third. Or where there is a burglary and the breaking in is shown that he was the party or one of the parties breaking in and entering such store.

"Fourth. A reasonable doubt has often been attempted to be defined, but to my mind the words themselves are the best definition.

"Fifth. They mean what they say, a reasonable doubt arising from the evidence or from a lack of evidence, after considering all of the evidence.

"Sixth. It is not a vague, speculative, imaginary something, but just such a doubt as would cause you, as reasonable men, to hesitate to act upon it in matters of importance to you."

Sample & Kilpatrick, of Hartsells, for appellant.

Counsel discuss errors insisted upon in the introduction and exclusion of evidence, but without citation of authority. The first exception to the oral charge constitutes error, as does the second and third. 82 Ala. 65, 2 South. 139; 87 Ala. 135, 6 South. 303; 86 Ala. 60, 5 South. 485; 89 Ala. 76, 8 South. 146; 100 Ala. 142, 14 South. 634; 107 Ala. 35, 18 South. 142; 109 Ala. 27, 19 South. 403; 111 Miss. 773, 72 South. 195. The court's oral charge as to reasonable doubt was erroneous. 16 C. J. 995, and authorities cited.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted of burglary, breaking into a storehouse, and he appeals.

[1] The exception taken to that part of the court's oral charge wherein the jury was instructed, "Now the state has introduced some evidence tending to show that he was discovered shortly after the store was broken into in possession of some of the stolen goods," was not well taken. This was not an invasion of the province of the jury, in that it was a charge upon the effect of the testimony, and violative of section 5362 of the Code. Hawes v. State, 88 Ala. 37, 7 South. 302; Murray v. State, 13 Ala. App. 175, 69 South. 354.

[2] The second and third grounds of objection and exception to the court's oral charge, as set out in the bill of exceptions, are meaningless and unintelligible, taken separately and together, and a comparison with the oral charge shows that the part left out, to which no exception was taken, is necessary to intelligently consider the question attempted to be presented to the court.

[3] The fourth, fifth, and sixth grounds of objection and exception to the court's oral charge question the sufficiency of the definition of a reasonable doubt as given to the jury in this case. Considered as a whole, the charge of the court in this respect is free from error.

[4] The testimony was without conflict that some one or more persons had broken into and taken from the storehouse of one Henderson a large amount of goods. These goods were described in a general way, and goods of a like kind and character, the testimony tended to show, were found in the possession of the defendant. The state offered testimony tending to show that the defendant shortly after the burglary carried a sack of clothes, inferentially some of the stolen clothes from his house, in the nighttime and put them in the loft of one of his neighbor's barn, where the defendant was staying at the time, and that these clothes or a sack containing them, was afterwards there found and returned to the owner. The breaking and entering of the store having been shown, and goods taken therefrom, it was competent for the state to show the defendant's recent possession of goods of like kind as those alleged to have been taken from the store, and his handling of them, moving them in the nighttime, putting them in his neighbor's barn, and for the jury, from these and other facts, to say whether they were the goods that were taken from the burglarized store.

The several rulings of the court on the introduction and exclusion of the testimony are free from reversible error.

We find no error in the record, and the judgment appealed from must be affirmed. Affirmed.