(102 So. 726)

## TATUM v. STATE. (3 Div. 478.)

(Court of Appeals of Alabama. Jan. 13, 1925.)

1. **Intoxicating liquors ⊙══238(1)—General affirmative charge properly refused, where evidence conflicting.**

In prosecution for possession of a still, general affirmative charge for defendant was properly refused, where evidence was in conflict.

2. **Intoxicating liquors ⊙══236(19)—Evidence held to sustain conviction for possession of still.**

In prosecution for possession of a still, evidence *held* sufficient to sustain conviction.

3. **Criminal law ⊙══929—Motion for new trial in liquor prosecution for sheriff's misconduct held properly denied.**

Court did not err in denying defendant's motion for new trial in liquor prosecution because sheriff went to room where jury was deliberating to get judge's hat and paper and was questioned by jury regarding another case, where there was no connection whatever between such case and defendant's, and nothing in sheriff's statement in answer to inquiry which could have influenced verdict of jury in defendant's case.

Appeal from Circuit Court, Autauga County; George F. Smoot, Judge.

Hogan Tatum was convicted of possessing a still, and he appeals. Affirmed.

Gipson & Booth, of Prattville, for appellant.

Counsel argue for error in the refusal of the affirmative charge and denial of motion for a new trial, citing Gay v. State, 19 Ala. App. 238, 96 So. 646; Spelce v. State, 17 Ala. App. 401, 85 So. 835; Morris v. State, 18 Ala. App. 435, 92 So. 910; Clark v. State, 18 Ala. App. 217, 90 So. 16; Hammons v. State, 18 Ala. App. 470, 92 So. 914.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Defendant failed to show any harm resulted to him from the conduct of the sheriff and jury. Leith v. State, 206 Ala. 439, 90 So. 687.

FOSTER, J. The appellant was convicted of the possession of a still to be used for manufacturing prohibited liquors.

A complete still of the kind commonly used for making whisky was found in 200 or 300 yards of the defendant's house. The same still had been seen several nights previously a distance of 2 miles or more from this place. There was evidence from which the jury might infer that the defendant and two others with him moved the still in a wagon to the place where it was found. The defendant and two others were found in the nighttime by the officers about 150 feet of the still going in a wagon from the direction of the still towards the defendant's house. When the officers came upon them the defendant said, "They have caught us, let's show them where it is," and the defendant and the two men with him carried the officers to the still about 150 feet away. The defendant claimed that the still was not his; that it belonged to another man; that he had nothing to do with moving it or any connection with it.

[1, 2] The court did not err in refusing the general affirmative charge for the defendant. There was a conflict in the evidence, and there was sufficient evidence to justify the verdict of guilty.

[3] The appellant insists that the court should have granted his motion for a new trial on the ground, among others assigned, that the sheriff went to the room in which the jury were deliberating to get hat and paper belonging to Judge Tucker (the jury being in Judge Tucker's office), and that one member of the jury asked the sheriff what they had done with that other case, and that the sheriff said they had convicted him. The sheriff stated that he went to the office of Judge Tucker where the jury was deliberating on the case and told them he wanted to get Judge Tucker's hat and paper; that he opened the door, and one of the jurors said, "What have they done with the other man," and that the sheriff said, "I don't know, guilty or not guilty": that this was all that he said; and that he was referring to the Wainwright case. The record does not show any connection whatever between this case and the Wainwright case. There was nothing in the statement of the sheriff which could have influenced the verdict of the jury in this case. The affidavit in support of the motion does not show that "the other case" inquired about had any connection with this case, or what the other case was.

The court did not err in refusing the motion for a new trial.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

---

⊙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes