(109 So. 294)

### FRYER v. STATE. (4 Div. 165.)

(Court of Appeals of Alabama. May 18, 1926. Rehearing Denied June 29, 1926.)

**1. Criminal law ☞753(2).**

Affirmative charge is properly refused, where testimony of state tends to show clear case of guilt under indictment.

**2. Criminal law ☞1173(3).**

Accused cannot complain of refusal of charge relating to count under which he was acquitted.

**3. Criminal law ☞396(2).**

Where accused brings out part of conversation between himself and another witness, state is entitled to show everything said in conversation.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Arthur Fryer was convicted of using insulting, abusive, or profane language in the presence of a woman, and he appeals. Affirmed.

Marcus J. Fletcher, of Andalusia, for appellant.

Counsel argues the questions raised and treated, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The affirmative charge was refused without error. Tatum v. State, 20 Ala. App. 436, 102 So. 726. Defendant cannot complain of the refusal of a charge having reference to a count upon which he was acquitted. Pippin v. State, 19 Ala. App. 384, 97 So. 615. There was no error in rulings on evidence. Barry v. State, 19 Ala. App. 366, 97 So. 256.

SAMFORD, J. [1] The evidence was in conflict; that for the state making out a clear case of guilt under the indictment, and that for the defendant tending to prove to the contrary. Refused charge 2, being the affirmative charge, was therefore properly refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726.

[2] Refused charge 3 had reference to a count of the indictment of which the defendant was acquitted; he cannot therefore complain. Pippin v. State, 19 Ala. App. 384, 97 So. 615.

[3] The defendant having brought out a part of a conversation between the witness Lisle and defendant, the state was entitled to everything said in the conversation. Moreover, after carefully reading this record, we are of the opinion that this answer to which exception was taken did not affect the merits of the case.

We find no error in the record, and the judgment is affirmed.

Affirmed.