(109 So. 561)
## ELLIS v. STATE. (6 Div. 975.)

(Court of Appeals of Alabama. June 1, 1926.
Rehearing Denied Aug. 31, 1926.)

### 1. Indictment and information ⊕132(4).

Where there was no effort to convict of more than one offense of carnal knowledge, overruling motion to require state to elect under which count it would prosecute was proper.

### 2. Criminal law ⊕1043(2).

Where testimony does not appear inadmissible on its face, general objection thereto presents nothing for review.

### 3. Criminal law ⊕1170(4).

In prosecution for carnal knowledge, sustaining objection to question how many times witness sent for defendant before he came, if error, was cured by its later admission.

### 4. Rape ⊕40(5).

In prosecution for carnal knowledge each act is separate offense, and sustaining objections to questions seeking to bring out prosecuting witness' alleged improper relations with others was not error.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Durgin, alias Burin, Ellis was convicted of an offense, and he appeals. Affirmed.

Gray & Powell, of Jasper, for appellant.

Counsel discuss the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

For brief, see opinion of the court.

RICE, J. Appellant was convicted of the offense of having carnal knowledge of a girl over 12 and under 16 years of age.

We adopt what is said by the Attorney General in his excellent brief filed on this appeal, as disposing correctly of the questions raised, namely:

"Defendant requested the general affirmative charge. This was properly refused, as there was sufficient evidence to go to the jury. Tatum v. State, 20 Ala. App. 436, 102 So. 726.

"[1] Defendant's motion to require the state to elect under which count it would prosecute was properly overruled. There was no effort to convict the defendant of more than one offense. This was evident both from the indictment and from the evidence. Denham v. State, 18 Ala. App. 145, 90 So. 129; Davis v. State, 20 Ala. App. 463, 103 So. 73.

"[2] Defendant made numerous general objections to admission of testimony. It is well settled that where the testimony does not appear inadmissible on its face, the general objection presents nothing for review. Ratliff v. State, 20 Ala. App. 454, 103 So. 912.

"[3] Sustaining objection to the question, 'How many times did you send for Burin Ellis before he came?' if error, was cured by its later

admission. Duncan v. State, 20 Ala. App. 209, 101 So. 472. Defendant cured practically all of his objections by later bringing out on cross-examination nearly all the testimony objected to by him.

"[4] The court properly sustained objections to questions seeking to bring out prosecuting witness' alleged relations with other men. This had no bearing on the commission of the offense alleged in the present charge and could not lessen the degree of his guilt, if he committed the act alleged. Each act of this nature is a separate offense, and the fact that some one else is also guilty will not excuse the defendant. Davis v. State, 20 Ala. App. 463, 103 So. 73."

In addition, we add that it appears that appellant was tried fairly, and that no prejudicial error anywhere appears.

Judgment affirmed.