(109 So. 171)

### WOODS v. STATE. (8 Div. 362.)

(Court of Appeals of Alabama. June 15, 1926.)

**I. Homicide ☞300(15).**

Refusing to instruct to acquit of manslaughter, if defendant was free from fault, and only shot to save his own life from danger. either real or apparent, *held* not error, since instruction omitted doctrine of retreat.

**2. Criminal law ☞763, 764(6).**

Charge that there was no evidence that more than one shot struck deceased, and that evidence showed that he fell after the second shot, etc., *held* properly refused, as invading province of jury.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

William Woods, alias Wood, was convicted of first degree manslaughter, and he appeals. Affirmed.

See, also, 19 Ala. App. 299, 97 So. 179; 20 Ala. App. 200, 101 So. 314.

Charges 2 and 4, refused to defendant, are as follows:

"(2) If you find from the evidence that the defendant was free from fault in bringing on the difficulty, and only shot to save his own life from a danger, either real or apparent, then you must find him not guilty."

"(4) There is not evidence that more than one shot struck deceased; the evidence shows that he fell after the second shot, and the fact that two shots were fired later, neither of which struck him, will not affect his right of self-defense."

Mitchell & Hughston, of Florence, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Requested charges were well refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726; Jones v. State, 20 Ala. App. 660, 104 So. 771.

SAMFORD, J. The rulings of the court on the admission of testimony were patently free from error.

The argument of the solicitor, to which exception was taken was legitimate.

[1, 2] Refused charge 2 omits the doctrine of retreat. Refused charge 3 was the general charge, and refused charge 4 invades the province of the jury. They were all properly refused. Jones v. State, 20 Ala. App. 660, 104 So. 771; Tatum v. State, 20 Ala. App. 436, 102 So. 726.

There is no error in the record, and the judgment is affirmed.

Affirmed.