(110 So. 799)

### TUCKER v. STATE.    (6 Div. 668.)

(Court of Appeals of Alabama.   Sept. 7, 1926. Rehearing Denied Oct. 26, 1926.)

**1. Rape** ⬌20.

Indictment charging carnal knowledge of a girl over 12 and under 16 years of age need not show defendant to be over 16 years of age.

**2. Criminal law** ⬌753(2).

Where evidence as to guilt vel non of defendant was in conflict, general charge requested by defendant was properly refused.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Grover C. Tucker was convicted of carnal knowledge of a girl over 12 and under 16 years of age, and he appeals. Affirmed.

The demurrer takes the point that the indictment does not show defendant to be over 16 years of age.

Certiorari denied by Supreme Court in Tucker v. State, 110 So. 799.

W. M. Adams, of Tuscaloosa, and R. B. Evins, of Birmingham, for appellant.

The indictment is insufficient for failure to bring the defendant within the terms of the statement.   Code 1923, § 7700; 31 C. J. 694; United States v. Woods (D. C.) 224 F. 278; State v. Miller, 24 Conn. 527; Giles v. State, 89 Ala. 50, 8 So. 121; Mays v. State, 89 Ala. 37, 8 So. 28; Wharton, Cr. Pl. § 241; Addington v. State, 16 Ala. App. 10, 74 So. 846.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

It was not necessary to aver the age of the defendant.   Miller v. State, 16 Ala. App. 534, 79 So. 314.   The affirmative charge was properly refused.   Tatum v. State, 20 Ala. App. 436, 102 So. 726.

SAMFORD, J.   Defendant, being convicted of carnal knowledge of a girl over 12 and under 16 years of age, appeals.

The bill of exceptions was signed within 90 days from the judgment overruling the motion for new trial, and therefore the motion of the Attorney General to strike the bill of exceptions in this case is overruled. Code 1907, § 6433.

[1] The ruling of the trial court on the demurrer was without error.   Miller v. State, 16 Ala. App. 534, 79 So. 314.

[2] The evidence as to the guilt vel non of the defendant was in conflict, and therefore the general charge as requested by defendant was properly refused.   Tatum's Case, 20 Ala. App. 436, 102 So. 726.

The questions presented in the defendant's motion for new trial, except as to ruling on demurrer and refusal of the general charge, were questions to be determined by the facts. We are not prepared to hold that these facts would justify this court in holding the ruling of the trial judge was error.

We find no error in the record, and the judgment is affirmed.

Affirmed.