143 So. 835

## PERRY v. STATE.
## 6 Div. 47.

Court of Appeals of Alabama.
June 30, 1932.

J. L. Stephenson, of Parrish, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, J.

The indictment was in four counts, two of which charged burglary, and two, grand larceny. Counts 1 and 3 laid the ownership of the property in Star Mercantile Company, and counts 2 and 4 alleged the ownership in F. A. Merrill. The evidence disclosed that the property was the same, but some uncertainty as to whether it was owned by Star Mercantile Company or F. A. Merrill at the time the offense was committed. At the beginning of the trial the defendant moved the court to require the state to elect as to which counts it would proceed under. The motion was overruled and defendant excepted. Where, out of precaution to meet every aspect of a single offense, an indictment appears to charge distinct crimes, but no attempt is made to introduce evidence of disconnected offenses, the state will not be required to elect, either at the beginning of the trial or after the evidence is all in. Butler v. State, 91 Ala. 87, 9 So. 191; Hodge v. State, 18 Ala. App. 361, 92 So. 79; Ellis v. State, 21 Ala. App. 507, 109 So. 561; Murray v. State, 25 Fla. 528, 6 So. 498.

It having been proven that a lot of cigars had been stolen from the storehouse at the time of the burglary, and there having been evidence tending to connect defendant with the crime, it was relevant as a circumstance, tending to connect defendant with the theft, to prove that some few days after the storehouse was broken into he was seen with a number of cigars and that he had them secreted behind a rock.

Other parties, indicted jointly with this defendant, testified to the crime and connected this defendant with them in its commission. There was evidence tending to corroborate this testimony. Its probative force was for the jury, and we see no reason for disturbing their finding.

The refusal of the court to give at the request of defendant written charges 1, 4, and 7 was free from error.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.