50 So.2d 4

## CARTER v. STATE.
### 1 Div. 609.

Court of Appeals of Alabama.

Jan. 9, 1951.

Graham H. Sullivan, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for the State.

CARR, Judge.

The accused is charged under two counts of the indictment. The first of these charges burglary and the second grand larceny.

In the circuit court there was a general verdict of guilt.

The general affirmative charge was not requested as to either count of the indictment.

In this state of the record the verdict will be referred to a good count in the indictment which is sustained by the proof. Wiggins v. State, 244 Ala. 246, 12 So.2d 758; Hannon v. State, 34 Ala.App. 173, 38 So.2d 26.

Without dispute in the evidence the James Mitchell Lindsey Post No. 164 of the American Legion, located in Mobile County, Ala-

bama, was burglarized between the hours of midnight Saturday and nine A. M. Sunday.

There were taken from the building a cloth sack containing a rather large sum of money in coins, some bottled beer, several part cartons of Lucky Strike, Chesterfield, Philip Morris, and Camel cigarettes, and a box of Juicy Fruit Chewing gum.

According to the State's evidence, the appellant, with others, was seen at and in the burglarized building on Wednesday night before the burglary and the Saturday night of the burglary. Appellant did not deny the Wednesday night visit, but testified that he was not there Saturday at any time and disclaimed any participation in the offense for which he was charged. His defense was an alibi, and he introduced several witnesses to support his claim.

The accused was arrested four or five days subsequently to the burglary, and his home in Mobile County was at the time searched. In the residence the officers found some Chesterfield, Philip Morris, and Camel cigarettes, Juicy Fruit chewing gum, and a cloth bag containing some money in coins. According to the officers' testimony these articles were found concealed in different parts of the room.

The appellant and his wife admitted at the trial that these articles were in their home; however they denied that all of the cigarettes and chewing gum indicated supra were there.

If their explanation of the possession of these articles was true, the property was not taken from the burglarized building.

The operator of the Legion Post Club testified unequivocally that the cloth bag found in the appellant's home was the one which was taken from the club building. His familiarity with the article was evinced by the fact that he had used the bag every day for about a year to carry money to and from his home to the club. He pointed out a patch or repaired place where he had had the bag mended.

As to the other articles found in appellant's home, the witnesses for the State could only say that they were of the same kind, quantity, and make as those taken from the clubhouse.

Insistence is made in brief of appellant's counsel that the court erred in admitting these articles in evidence. The only ground posed to the objections, beside the general grounds, is that they and each of them were not properly identified as articles taken from the burglarized building.

■ It is evincingly clear that this position is without merit as to the cloth bag. The positive identification of this article by the State's witness removes all doubt of the propriety of its admissibility. Walker v. State, 97 Ala. 85, 12 So. 83.

As to the other articles, we have only the evidence that they were similar in kind, quantity, and character.

In the case of Tyra v. State, 17 Ala.App. 92, 82 So. 631, this court held that the identity of articles taken in a burglary may be shown by circumstantial evidence. In consonance with this rule, we approved the admission in evidence of two twenty-dollar gold pieces shown to have been changed by the accused, it having been previously established by proof that a satchel containing twenty-dollar gold pieces had been taken from the burglarized building.

In Allen v. State, 8 Ala.App. 228, 62 So. 971, 973, a stamp book containing 12 two-cent postage stamps, together with other articles, was taken from a burglarized building. A stamp book corresponding in description was found in the codefendant's cottonseed house. We held that it was not error to admit the stamp book in evidence. We observed: "Their testimony that it was the same in kind and appearance as that stolen, coupled with the other facts and circumstances detailed, which tended further to its identification, was sufficient to warrant a submission of the question to the jury as to whether or not it was the same stamp book as that stolen."

See also, Russell v. State, Ala.Sup., 38 So. 291; Posey v. State, 18 Ala.App., 583, 93 So. 272; Perry v. State, 25 Ala.App. 224, 143 So. 835.

Appellant's counsel cites and presses the holding in Buchanan v. State, 109 Ala. 7, 19 So. 410, as an authority for his position.

A close study of this opinion will clearly disclose that the court there was dealing

with an entirely different approach to the question from that with which we are now confronted. Headnotes 1 and 2 fully delineate the facts upon the basis of which the lower court admitted the articles in evidence and for which action error was charged.

Counsel in brief does not press any other points for our review; however we have given careful consideration to all presented questions, as the law demands, and we do not find sufficient merit in those we have omitted to warrant discussion.

The facts and circumstances in their various aspects clearly posed a jury question as to the guilt or innocence of the accused.

The judgment of the circuit court is ordered affirmed.

Affirmed.