122

78 So.2d 667

**Virgil CROW**

v.

**STATE.**

**8 Div. 590.**

Court of Appeals of Alabama.

March 8, 1955.

Merrill Doss, Hartselle, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant, Virgil Crow, was indicted for having carnal knowledge of a girl over the age of 12 and under the age of 16 years.

The trial resulted in his conviction as charged.

According to the testimony of the prosecutrix the accused had sexual relations with her on numerous occasions from May 1953 to January 1954.

The evidence is without dispute that the young lady was under 16 years and over 12 years of age during the indicated period of time.

The appellant admitted that he had a number of dates with the prosecutrix during the time in question, but he denied that he ever had sexual intercourse with her.

The factual issues are posed in this manner.

We would be out of harmony with the authorities to hold that the trial court was in error in overruling the motion for a new trial on the stated ground that the verdict was contrary to the great weight of the evidence. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Two questions of reviewable concern relate to the rulings of the court incident to the introduction of the evidence.

The appellant was denied an attempt to prove by a witness that the prosecutrix stated to said witness that she was over 16 years of age at the time of the first sexual relation with the defendant. The effort was made without first laying a predicate for the introduction of this impeaching testimony. Under the circumstances this was required. Bryan v. State,

18 Ala.App. 199, 89 So. 894; Brown v. State, 32 Ala.App. 131, 22 So.2d 445.

The court sustained objections, also, to an effort on the part of the appellant to prove that during the period of time in question the prosecutrix had sexual relations with men other than the defendant. This ruling was in accord with the authorities. Davis v. State, 20 Ala.App. 463, 103 So. 73; Ellis v. State, 21 Ala.App. 507, 109 So. 561.

We do not find any reversible error in the record. The judgment below is ordered affirmed.

Affirmed.