# Boyett v. The State.

## Indictment for Abduction.

1. *Evidence; admissibility of inscription on tombstone.*—In a trial of a case, where the age of one of the parties constitutes a material issue, it is competent for the witness to testify as to an inscription upon a tombstone stating the date of birth of such person.

2. *Same; same; abduction.*—On a trial under an indictment for abduction, which charges the defendant with carrying off a girl under 14 years of age for the purpose of prostitution,

[Boyett v. The State.]

concubinage or marriage, where a witness in testifying as to the age of the girl states that she was born the same year that a brother of his, who is dead, was born, but he does not recollect in what year his brother was born, it is competent for him to further testify as to the date which the inscription on his dead brother's tombstone states was the date of birth of his brother.

3. *Abduction; charge to the jury.*—On a trial under an indictment for abduction, which charges the defendant with taking a g rl of 14 years of age from her father "for the purpose of prostitution, concubinage or marr.age," a charge which instructs the jury that before they can find the defendant guilty they must believe beyond a reasonable doubt from the evidence that defendant not only took the said girl "away from her father for the purpose of concubinage, but the jury must also believe beyond a reasonable doubt" that the said girl was under the age of 14 years when she was so taken away, is erroneous and properly refused, because it withdraws from the consideration of the jury whether the defendant took said girl for the purpose of prostitution or marriage.

4. *Same; same.*—In such a case, a charge is properly refused which instructs the jury that "if they believe from the evidence that the defendant took the girl * * * from her father for the purpose alone of having intercourse alone with her himself, then they must acquit him;" such charge withdrawing from the consideration of the jury the charge in the indictment that the defendant took the girl for the purpose of marriage.

5. *Criminal law; charge to the jury.*—In the trial of a criminal case, where there is conflict in the evidence, a charge which instructs the jury "that their verdict in this case, whatever it may be, does not mean, or say, that any person has sworn falsely," is properly refused as being argumentative.

6. *Same; when erroneous instruction without prejudice to the defendant.*—In the trial of a criminal case, when the court's oral charge to the jury, considered as a whole is too favorable to the defendant, the fact that the conclusion of such charge may be erroneous, is not prejudicial to the defendant, and will not cause a reversal of the judgment of conviction.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

The appellant, Will Boyett, was indicted, tried and convicted for abduction, and was sentenced to the peni-

tentiary for twenty years. The indictment under which the defendant was tried is copied in the opinion.

There was evidence tending to show that the defendant was guilty of the offense charged. There was some conflict in the evidence as to the age of the girl, Eliza Austin, alleged to have been abducted by the defendant. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that before they can find the defendant guilty they must believe beyond a reasonable [doubt] from the evidence in this case that the defendant not only took Eliza Austin away from her father for the purpose of concubinage, but the jury must also believe beyond a reasonable doubt that the said Eliza Austin was under the age of fourteen years when she was so taken away." (2.) "The court charges the jury that their verdict in this case whatever it may be does not mean or say that any person has sworn falsely." (3.) "The court charges the jury that if they believe from the evidence that the defendant took the girl Eliza Austin from her father for the purpose alone of having intercourse alone with her himself then they must acquit him."

In reference to a charge given at the request of the defendant, and the court's instruction to the jury relating thereto, the bill of exceptions contains the following recital: "The court also, at the request of the defendant, gave the following written charge: 'The court charges the jury that if there is a probability of the defendant's innocence then they must acquit the defendant.' After the charges requested by the defendant were read to the jury, the court instructed them that they were a part of the law in the case and were to be considered in connection with the general charge given by the court. That they were not inconsistent with the general charge; that it was necessary and the duty of the court to give some explanation as to the charge using the expression 'of a probability of the defendant's

innocence,' to avoid their being misled thereby; that a probability of defendant's innocence arose or existed when the evidence tending to show innocence was as strong as or stronger than the evidence tending to show guilt; that if there was as much or more evidence showing innocence than there was showing guilt then there would be a probability of defendant's innocence; that the measure of proof necessary to conviction was satisfaction beyond reasonable doubt of guilt and the charge given as to the probability of innocence does not conflict with it. The defendant then and there excepted to this portion of said instruction in substance: 'That a probability of defendant's innocence meant that there must be as much or more evidence of his innocence than of his guilt. If there was more evidence of his guilt than there was of his innocence, then there was not a probability of his innocence.' "

ESPY, FARMER & ESPY, for appellant, cited 1 Greenleaf on Evidence, § 94; 1 Rice on Evidence, pp. 419, 482; *Davis v. Lownes*, 6 M. & G. 525; *Smith v. Patterson*, 95 Mo. 515; 1 Phillips on Evidence, 221, 223; *Haygood's Case*, 98 Ala. 61; *Cohen v. State*, 50 Ala. 108; *Bain v. State*, 74 Ala. 38; *Winslow v. State*, 76 Ala. 42.

CHAS. G. BROWN, Attorney-General, for the State, cited 1 Rice on Evidence, 419; 1 Greenleaf on Evidence, 156, § 105, note 1; Underhill on Evidence, 73, n. 6; *Elder v State*, 123 Ala. 35; s. c. 124 Ala. 69; *North Brookfield v. Warren*, 16 Gray (Mass.) 174.

DOWDELL, J.—The defendant was tried and convicted on an indictment which charged that the defendant "did take Liza Austin, a girl under fourteen years of age, from her father, Ira J. Austin, for the purpose of prostitution, concubinage or marriage against the peace and dignity," etc. The age and consequently the date of the birth of Eliza Austin, was a material issue in the case. The defendant's witness, John Hall, testifying to the age of said Eliza, stated "that he (witness) knew Jack Austin, his wife and their daughter Eliza. That they were married, in his best recollection, in

1883, and that Eliza was born some time in 1884. That
Eliza was born the same year that a little brother of
his, who is now dead, was born. That he could not recol-
lect what year his brother was born, but the inscription
on his dead brother's tombstone read that he was born
in April, 1884." This latter portion of the witness'
statement, namely, the inscription on his dead brother's
tombstone read that he was born in April, 1884, was
on motion of the solicitor excluded from evidence, and
to this action of the court the defendant excepted.

Treating of this character of evidence, in 1 Green-
leaf (16th ed.), section 114d, it is said: "Inscriptions
on tombstones and other funeral monuments, engrav-
ings on rings, inscriptions on family portraits, charts,
or pedigrees, and the like, are also admissible, as ori-
ginal evidence of the same fact. Those which are proved
to have been made by or under the direction of a de-
ceased relative are admitted as his declarations. But
if they have been publicly exhibited and were well
known to the family, the publicity of them supplies the
defect of proof in not showing that they were declara-
tions of [specified] deceased members of the family;
and they are admitted on the ground of tacit and com-
mon assent; it is presumed that the relatives of the
family would not permit an inscription without founda-
tion to remain; and that a person would not wear a
ring with an error on it; [so that where the chart,
Bible, or other document is put in as representing the
tacit family opinion by reason of its public exposure
in the family, it is therefore immaterial who wrote or
printed it, nor need the writing be authenticated other
than by the fact of its exposure in the family; and con-
versely, where such a document, for example, an entry
in a family Bible, is put in as the statement of an indi-
vidual member, by proving the handwriting, it is un-
necessary to connect it with the family, as a whole by
showing a public exposure in the family.]" And in
1 Taylor on Evidence, section 652, it is said: "Inscrip-
tions on tombstones, coffin plates, mural monuments,
family portraits, engravings on rings, hatchment,
charts of pedigree, and the like, are also admissible.
Those which are proved to have been made by, or under

the direction of, a deceased relative, are admitted as his declarations. · But if they have been publicly exhibited, and may therefore be supposed to have been well known to the family, their publicity supplies any defect of proof that they were declarations of deceased members of the family; and they are admitted on the ground of tacit and common assent. It is presumed,—though this is a presumption which is doubtless often contrary to the fact,—that the relatives of a family would not permit an erroneous inscription to remain; and that a person would not knowingly wear a ring which bore a misstatement upon it." To the same effect is Phillipps on Evidence, Vol. 1, pp. 221-223; 1 Rice on Evidence, p. 419; also Underhill on Evidence, pp. 72, 73, § 53. All of these elementary writers cite as leading cases among other authorities, the cases of *Monkton v. Atty.-Gen.*, 2 Russ. & Myl. 163, and *Daviss v. Lowndes*, 7 Scott, N. R. 193, wherein it is said in this latter case by PARKE, B.: "The ground upon which the inscription on a tombstone or a tablet in a church is admitted, is that it is presumed to have been put there by a member of the family cognizant of the facts, and whose declaration would be evidence." The rule as to the admission in evidence of inscriptions on tombstones seems clearly to rest upon the presumption that it was placed there by some member of the family having knowledge of the fact, and again upon the presumption, owing to its publicity, it would not be permitted to remain if it was erroneous. Unlike oral declarations as to matters of pedigree, it is not essential to its admissibility that it should be shown to have been made by some particular member of the family, since deceased. It is only necessary to show by the secondary evidence the fact of such inscription upon the tombstone, and what the inscription is. The tendency of the evidence of the witness, John Hall, was to show the date of the birth of the girl Eliza, and upon the foregoing authorities our conclusion is, that the court erred in excluding this evidence. But while admissible as tending to show such fact, it was open to impeachment or contradiction by other competent evidence tending to show the contrary.

Charge No. 1 requested by the defendant was properly refused by the court, as the same withdrew from the consideration of the jury the charge in the indictment that the defendant took the said Eliza for the purpose of prostitution or marriage.

Written charge No. 2 requested by the defendant was purely argumentative, and was therefore properly refused.

Charge No. 3 requested by the defendant, like charge No. 1, was erroneous in withdrawing from the consideration of the jury the charge laid in the indictment that the defendant took the said Eliza for the purpose of marriage.

That part of the court's oral charge excepted to wherein the court undertook to explain to the jury the meaning of the expression "probability of innocence," was too favorable to the defendant; and although erroneous in stating as a conclusion of law "that, if there was as much or more evidence showing innocence than there was showing guilt, then there would be a probability of the defendant's innocence," it was not prejudicial to the defendant.

For the error pointed out in the exclusion of evidence, the judgment of the court must be reversed, and the cause remanded.

Reversed and remanded.