(75 South. 267)

CASSEMUS v. STATE. (6 Div. 157.)

(Court of Appeals of Alabama. April 17, 1917.)

1. CRIMINAL LAW ⊂⊃730(8) — REMARKS OF SOLICITOR—CURE BY COURT'S ADMONITION.

Improper statement of the solicitor to the court, in the jury's presence, on request of defendant, a Greek, for an interpreter, that it was his experience with these Greeks and their interpreters, that they fix up the evidence to suit themselves, etc., was not rendered harmless by the court's admonition to disregard it; the prosecution involving the intent of defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693.]

2. CRIMINAL LAW ⊂⊃1044.— APPEAL — MATTERS AVAILABLE—REMARKS OF SOLICITOR.

Improper remark of the solicitor is not available on the main appeal, but only on motion for new trial; the court having ruled in favor of defendant on objection thereto.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2672, 2674, 2675.]

Appeal from Criminal Court, Jefferson County; Wm. E. Fort, Judge.

A. C. Cassemus was convicted, denied a new trial, and appeals. Reversed and remanded.

Felix E. Blackburn, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted of knowingly hindering, delaying, and defrauding another, who was his landlord, and who had a lien on his store fixtures and goods for rent, by removing said property from the rented premises and thereby destroying the landlord's lien on the property contained in the store of the defendant.

[1, 2] On the trial of this case it appears that there were no objections to the evidence. The first insistence of error is directed to the remarks of the solicitor made to the court in his objection to the granting of the request of the defendant, who sought to have the court swear an interpreter to translate the Greek language of the defendant into English (the defendant being a Greek), and contended that he did not speak or understand the English language sufficiently to enable him to give his testimony in English. The remarks of the solicitor complained of were as follows, to wit:

"I have had some experience with these interpreters in other cases, and I object to an interpreter being used in this case. It has been my experience that these Greeks and their interpreters fix up the evidence to suit themselves, and the interpreters do not say what the witnesses testified to, and do not correctly interpret what witness says."

These remarks were made to the court in the presence and hearing of the jury, whereupon counsel for the defendant objected to the remarks as being highly improper, and requested the court to so instruct the jury. The court sustained the objection of defendant, and specifically instructed the jury:

"That the said remarks of the solicitor were improper to be made in their presence, and that the jury must disregard said remarks and not consider them in any way, but that said remarks must be excluded from all consideration, and that they must try the case on the evidence in the case and pay no attention to such remarks of counsel," etc.

It is seriously insisted that even the prompt and decisive action of the court in this connection did not and could not cure the injury and harm which had been done; and that even though said remarks were excluded, their tendency was of that character to highly prejudice and bias the jury against the defendant and were calculated to, and did, have the effect of humiliating and intimidating the defendant to the extent of

being very hurtful in the presentation of his case. We are of the opinion that there is merit in this contention; and while, on the main appeal, we cannot review the action of the trial court as to this matter, for the reason that the ruling, as far as invoked on the main trial, was in favor of the defendant, and he cannot, therefore, assign it as error. But the defendant could and did assign as a ground for new trial this illegitimate remark of the solicitor, together with numerous other grounds, and duly excepted to the action of the court in overruling his motion for a new trial. Acts 1915, p. 722, confers upon this court the power to grant new trials, etc., in criminal as well as civil cases; and no presumption in favor of the correctness of the judgment of the court appealed from shall be indulged by the appellate court. We are of the opinion that the court erred in refusing a new trial to the defendant under the facts in this case. The remarks of the solicitor complained of, while directed to the court, were made in the presence of the jury, and, coming as they did, from the representative of the state, the solicitor, holding and wielding the great power and influence of that office in Jefferson county, may have had the tendency to prejudice and bias the jury against the defendant in their deliberations, notwithstanding the instructions of the court to the contrary. The intent of the defendant was involved in this prosecution, and was necessary to a conviction under this indictment; and the fact that the defendant moved his stock of goods from the rented premises in broad open daytime, and in such close proximity to Faulkner's place of business that he (Faulkner) was likely to appear on the scene at any moment, coupled with the fact that the defendant left the key to the rented premises with Faulkner's clerk, who was present and witnessed the defendant moving out, and coupled with the fact also that the defendant, together with another witness, testified on the trial that Faulkner had given his consent for defendant to move from the rented premises, stating, as they claimed, that he said he could use the store for other purposes, etc., and coupled with the further fact that the goods were moved only a short distance and their location being known to Faulkner and still subject to his lien, and further that all this happened in the month of February, and this prosecution was not instituted or commenced until the following September, all these conditions, to a fair, unprejudiced, and unbiased jury may have had the tendency to have generated in the minds of the jury, or some of them, a reasonable doubt as to the criminal intent of the defendant in moving from the rented premises; especially is this true when taken in connection with the undisputed evidence in this case that the defendant was a man of good character, etc.

But the improper remark of the solicitor, in which he said, among other things, that his experience had been that these Greeks fix up their evidence to suit themselves, etc., was clearly calculated to influence the jury adversely against the defendant; and the natural tendency of this remark was calculated to prejudice and bias the jury against the defendant, and also may have had the effect to humiliate and intimidate the defendant, an unversed foreigner, in the presentation of his defense and in the giving of his testimony before the jury. A defendant is entitled to a fair trial by jury according to the law and the evidence, and such trial should be free from any appeal to prejudice or other improper motive. It would appear that the learned and upright judge before whom this trial was conducted did all in his power to right the wrong occasioned by the improper and untimely remarks of the solicitor; it cannot, however, be seriously doubted but that the poison that had been injected would be difficult to eradicate; and in this case, when all the facts are taken into consideration, it does not clearly appear that a perfectly fair trial, without undue burden, prejudice, and bias, was accorded the defendant, and therefore the court was in error in overruling defendant's motion for a new trial. For these reasons, and under the authority of Acts 1915, p. 722, the motion is granted, and the judgment of conviction is set aside and a new trial awarded. This conclusion renders it unnecessary to discuss the various questions reserved during the trial of this case.

Reversed and remanded.