(81 South. 851)

MARTIN v. STATE. (4 Div. 586.)

(Court of Appeals of Alabama. April 15, 1919.
Rehearing Denied. May 13, 1919.)

1. RAPE ⟨⟩40(5) — FEMALE UNDER AGE — CHARACTER—ADMISSIBILITY OF EVIDENCE.

In prosecution for having carnal knowledge of girl under 16 years of age, in violation of Code 1907, § 7700, as amended by Acts 1915, p. 137, evidence of the girl's associating with and having intercourse with men before she was 16 years of age was inadmissible; such statute absolutely prohibiting intercourse with girls between 12 and 16 years of age, without regard to their reputation or status in society.

2. CRIMINAL LAW ⟨⟩419, 420(10)—HEARSAY EVIDENCE.

Evidence as to what a little girl had told defendant was inadmissible as hearsay.

3. CRIMINAL LAW ⟨⟩417(6)—AGE OF CHILD—STATEMENT OF DECEASED PARENT.

Statement of a deceased parent in reference to a child's age may be received in evidence, though given by a third party, as tending to establish the age of the child.

4. WITNESSES ⟨⟩286(4) — RE-EXAMINATION—STATUTORY RAPE CASE.

In prosecution for having carnal knowledge of girl under age of consent, under Code 1907, § 7700, as amended by Acts 1915, p. 137, where defendant, during cross-examination, elicited fact that prosecutrix had given birth to child some time after alleged commission of crime, it was permissible for state to ask her if defendant was the father of the child.

5. RAPE ⟨⟩44—STATUTORY RAPE—ADMISSIBILITY OF EVIDENCE—OPPORTUNITY.

·In prosecution for having carnal knowledge of girl under age of consent, in violation of Code 1907, § 7700, as amended by Acts 1915, p. 137, evidence that prosecutrix and defendant were frequently in each other's company at about the time of the commission of the alleged intercourse was admissible, tending to show opportunity.

6. CRIMINAL LAW ⟨⟩1159(2) — REVIEW — WEIGHT OF EVIDENCE.

The weight and sufficiency of the evidence were for the jury.

7. CRIMINAL LAW ⟨⟩935(1) — NEW TRIAL — EVIDENCE.

Where there is sufficient evidence, if believed, to sustain verdict, there is no error in overruling motion for new trial.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Louis Martin was convicted of having carnal knowledge of girl between 12 and 16 years of age, in violation of Code 1907, § 7700, as amended by Acts 1915, p. 137, and he appeals. Affirmed.

J. A. Carnley, of Elba, for appellant.
J. Q. Smith, Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted of the offense denounced by section 7700 of the Code of 1907, as amended by an act approved March 17, 1915. Acts 1915, p. 137.

The evidence introduced by the state tended to show that he had intercourse with the girl named in the indictment in 1916, and in March, 1917, and that she was born in October, 1901. Defendant denied having intercourse with his alleged victim, and the evidence introduced on his behalf tended to show that she was born in the year 1899.

[1, 2] The purpose of the statute above referred to is to protect girls who are over the age of 12 years and under 16, by absolutely prohibiting intercourse with them, and this without regard to their reputation for chastity or their status in society. (This law, however, does not apply to boys under sixteen years of age.) Therefore the trial court was not in error in sustaining the objections to the line of questions seeking to show that the girl in question associated with men, or had intercourse with men, in 1916. What Mrs. Andrews' little girl had said to defendant was manifestly hearsay evidence, and was therefore inadmissible, and the court did not err in declining to allow the conversation (whatever it was does not here appear) to be introduced in evidence.

[3] The statement of a deceased parent in reference to a child's age may be received in evidence, though given by a third party, as tending to establish the age of the child. Rowland v. Ladiga's Heirs, 21 Ala. 9, 32; Rogers v. De Bardeleben Coal & Iron Co., 97 Ala. 154, 12 South. 81.

[4] The defendant brought out, on cross-examination of the girl in question, that she had given birth to a child some time after the alleged commission of the carnal act charged. It was therefore permissible for the state to ask her if the defendant was the father of the child. The physical fact that a child had been born was proof positive that some one had violated the law, if the girl in question was within the prohibited ages; and if the defendant was its father his denial of having had intercourse with her could not be sustained.

[5] It was permissible for the state to show that the victim, or the girl in question, and the defendant, were frequently in each other's company, at or about the time of the commission of the alleged intercourse. It at least tended to show defendant probably had the opportunity, if there was no other obstacle in the way, to commit the crime charged.

[6, 7] The weight and sufficiency of the evidence was for the jury. There is sufficient evidence, if believed, to sustain the verdict, and there was no error committed in overruling defendant's motion for a new trial.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

There being no error in the record, the judgment of conviction appealed from must be affirmed.

Affirmed.