(89 South. 894)

BRYAN v. STATE. (6 Div. 868.)

(Court of Appeals of Alabama. May 31, 1921. Rehearing Denied June 21, 1921.)

1. Indictment and information ⊜⇒87(1)—Indictment charging carnal knowledge of girl, returned more than three years after statute defining offense, need not allege date of crime.

Indictment returned more than three years after amendment of 1915 (Laws 1915, p. 137) to Code 1907, § 7700, became effective, charging defendant with having carnal knowledge of a girl over 12 years and under 16 years of age, need not allege the date of the commission of the offense, or allege that it was committed subsequent to the passage of such act.

2. Indictment and information ⊜⇒111(1)—Indictment charging carnal knowledge of girl over 12 and under 16 years need not negative defendant being under 16 years of age.

Indictment charging carnal knowledge of girl over 12 and under 16 years of age, in violation of Code 1907, § 7700, as amended by Laws 1915, p. 137, making such act inapplicable to boys under 16 years of age, was not required to allege that defendant was over 16 years of age, since if under such age such fact was a matter of defense.

3. Criminal law ⊜⇒1120(8)—Refusal to exclude testimony of prosecutrix on election by state to try defendant for particular act not error on failure to prove separate acts.

In prosecution for carnal knowledge of girl over 12 and under 16 years of age, where it does not clearly appear from the record on appeal that there were two separate and different acts, the court's refusal to exclude testimony of prosecutrix on the ground that the state had proven one act, and thereby elected to try defendant for such act, held not error.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Rape ☞40(5)—Exclusion of evidence as to prosecutrix's relations with other men proper in prosecution for carnal knowledge of girl under 16 years of age.**

In prosecution for having carnal knowledge of girl over 12 and under 16 years of age, in violation of Code 1907, § 7700, as amended by Laws 1915, p. 137, exclusion of evidence as to prosecutrix's relations with other men *held* proper.

**5. Rape ☞41—Whether prosecutrix under 16 years had ever told defendant her age immaterial.**

In a prosecution for having carnal knowledge of a girl under 16 years of age, in violation of Code 1907, § 7700, as amended by Laws 1915, p. 137, whether prosecutrix had ever told defendant how old she was *held* immaterial.

**6. Witnesses ☞388(10)—Exclusion of testimony of prosecutrix as to whether she had ever told defendant her age proper on failure to properly frame impeaching question.**

In prosecution for having carnal knowledge of girl under 16 years of age, exclusion of question to prosecutrix as to whether she had ever told defendant how old she was, *held* proper, since, if it was intended to impeach her by showing that on a particular occasion and time she had made statement to defendant as to her age inconsistent with her testimony, the impeaching question should have been so framed.

**7. Witnesses ☞345(1)—May be shown to have been convicted of crime involving moral turpitude.**

A witness may be shown to have been convicted of some crime involving moral turpitude for the purpose of affecting his credibility.

**8. Witnesses ☞345(2)—Exclusion of testimony as to whether witness had been convicted of vagrancy proper, in absence of showing that act involved moral turpitude.**

In prosecution for having carnal knowledge of girl under 16 years of age, refusal to permit prosecutrix to testify as to whether she had been convicted on a charge of vagrancy in another state, for the purpose of affecting her credibility, *held* proper in absence of showing as to the act characterized as vagrancy, since, in order to render such testimony admissible, such act must have been one involving moral turpitude.

**9. Witnesses ☞345(2)—Vagrant common prostitute guilty of offense involving moral turpitude within rule as to credibility.**

A vagrant common prostitute is guilty of an offense involving moral turpitude within the rule that a witness can be shown to have been convicted of a crime involving moral turpitude for the purpose of affecting her credibility.

**10. Rape ☞40(5)—Reputation of prosecutrix immaterial in prosecution for having carnal knowledge of girl under 16 years of age.**

In prosecution for having carnal knowledge of girl under 16 years of age, in violation of Code 1907, § 7700, as amended by Laws 1915, p. 137, reputation of prosecutrix either at the trial or previous thereto *held* immaterial.

**11. Criminal law ☞747—Affirmative charge properly refused where evidence conflicting.**

The affirmative charge was properly refused where the evidence was conflicting.

**12. Criminal law ☞507(7)—Prosecutrix under 16 years of age not an "accomplice" within rule as to corroboration of accomplice testimony.**

In prosecution for having carnal knowledge of girl over 12 and under 16 years of age, in violation of Code 1907, § 7700, as amended by Laws 1915, p. 137, prosecutrix was not an accomplice within the rule requiring corroboration of an accomplice's testimony.

[Ed. Note—For other definitions, see Words and phrases, First and Second Series, Accomplice.]

**13. Criminal law ☞815(9)—Instruction properly refused in that it predicated finding on part of testimony.**

Instruction that "If you have a reasonable doubt of the defendant's guilt, growing out of any part of the testimony, then you should find him not guilty," *held* properly refused, in that it predicates the finding on a part of the testimony without a consideration of all of it.

**14. Criminal law ☞821(2)—Elliptical instruction properly refused.**

Instruction that, "if one single fact inconsistent with the defendant's has been proven to your reasonable satisfaction, you should find the defendant not guilty," *held* properly refused, being elliptical, in that there is a hiatus after the word "defendant's."

### On Rehearing.

**15. Criminal law ☞396(1)—Admission of state's testimony as to character of prosecutrix held not error in view of defendant's testimony as to same fact.**

In a prosecution for having carnal knowledge of a girl under 16 years of age, the admission of testimony by the state that the general character of the prosecutrix was good up to the time of the offense *held* not error, in view of testimony of defendant's own witnesses as to same fact.

**16. Criminal law ☞683(1)—State entitled to rebut defendant's testimony as to prosecutrix's bad character.**

In a prosecution for having carnal knowledge of a girl under 16 years of age, in which defendant introduced testimony that prosecutrix's character was bad, it was permissible for the state to show in rebuttal that her character had been good up to the time of the offense.

Appeal from Circuit Court, Marion County; T. L. Sowell, Judge.

George Bryan was convicted of having carnal knowledge of a girl over 12 and under 16 years of age, or abusing in an attempt to have carnal knowledge, and he appeals. Affirmed.

The following charges were refused to the defendant: (1) Affirmative charge. (2) Af-

firmative charges to count 1. (3) Affirmative charges to count 2. (5) You cannot convict the defendant upon the uncorroborated testimony of the state's witness, Alberta Franks. (7) If you have a reasonable doubt of the defendant's guilt, growing out of any part of the testimony, then you should find him not guilty. (10) If one single fact, inconsistent with the defendant's has been proven to your reasonable satisfaction, you should find the defendant not guilty.

E. B. & K. B. Fite, of Hamilton, for appellant.

The court was in error in forbidding proof of two specific acts. The character of defendant formed up to and prior to the commission of the offense was admissible, but not the character after the commission. 5 Ala. App. 45, 59 South. 321. Counsel discuss other assignments, but without further citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The demurrer to the indictment was not good, since the offense was alleged to have been committed more than three years after the amendment of section 7700, by Acts 1915, p. 137; 200 Ala. 3, 75 South. 315. No election was required. 14 Ala. App. 638, 72 South. 293. Character of the girl was immaterial. 202 Ala. 578, 81 South. 81. The fact that the girl had been convicted of vagrancy in Mississippi was not admissible. 17 Ala. App. 379, 84 South. 862. The girl's reputation was immaterial. 17 Ala. App. 73, 81 South. 851.

MERRITT, J. [1, 2] The appellant was convicted of having carnal knowledge of a girl over 12 years and under 16 years of age, and sentenced to the penitentiary for a term of 2 years. The indictment having been returned more than three years after the 1915 Act (Laws 1915, p. 137), amending section 7700 of the Code of 1907, became effective, it was not necessary for the indictment to allege the date of the commission of the offense charged, or that it was committed subsequent to the passage of this act. Nor was it necessary for the indictment to allege that the defendant was under 16 years of age, as this was a matter of defense. Miller v. State, 16 Ala. App. 534, 79 South. 315.

[3] For aught that appears from the record, there was but one act of carnal knowledge; and it not clearly and positively appearing that there were two separate and different acts, the trial court will not be placed in error in refusing to exclude the testimony of Alberta Franks on the ground that the state had proven one act, and thereby elected to try the defendant for this particular act. As stated above, the testimony does not so identify and particularize the facts and circumstances, as that they could not, and in fact did not, relate to but one and the same criminal act.

[4] The trial court properly refused to permit evidence of the relationship of Alberta Franks with other men. As stated in Martin v. State, 17 Ala. App. 73, 81 South. 851:

"The purpose of the statute * * * is to protect girls who are over the age of 12 years and under 16, by absolutely prohibiting intercourse with them, and this without regard to their reputation for chastity or their status in society."

[5, 6] There was no reversible error in sustaining the objections to the following question propounded to Alberta Franks: "Did you ever tell George how old you were?" Of course the question as to whether prosecutrix was between 12 and 16 years of age was a subject of legitimate inquiry, but if witness had ever told George how old she was would appear to be wholly immaterial. If it was intended to impeach the witness by showing that she had stated to George, on a particular occasion and time, that her age was different from what she had stated in this case, then the impeaching question should have been so framed.

[7-9] As affecting the credibility of a witness, it may always be shown under our statute that the witness has been convicted of some crime involving moral turpitude. The appellant insists that the trial court was in error in refusing to permit him to ask Alberta Franks if she had not been convicted on a charge of vagrancy in Mississippi. Vagrancy under the law of Mississippi may or may not be a crime involving moral turpitude. Like our statute, there are many acts enumerated which, if found to exist, will be held to constitute one a vagrant. For instance, persons known as tramps and wandering about in idleness, who are able to work and have no property to support them, are classed as vagrants. And then every common prostitute is classed as a vagrant; yet it cannot be contended that the vagrant tramp is guilty of an offense involving moral turpitude, while it cannot be denied but that the vagrant common prostitute is guilty of an offense involving moral turpitude. So to place the trial court in error in this ruling it was necessary for the defendant to have shown that the act characterized as vagrancy under the law would have been such an act as involved moral turpitude.

[10] It was immaterial as to what the reputation of Alberta Franks was, either at the trial or previous thereto. Martin v. State, supra.

[11] The evidence was in conflict and the affirmative charge was therefore properly

refused. Written charges C and E were covered by other given written charges.

[12] Written charges 1, 2, and 3 were properly refused, as the evidence was in conflict. Alberta Franks was not an accomplice of the defendant; hence charge 5 was properly refused. Refused charges 6 and 9 were covered by the court's oral charge, and were defective in not predicating the finding upon the evidence.

[13] Charge 7 is bad in that it predicates the finding on a part of the testimony without a consideration of all of it.

[14] Charge 10 is elliptical, in that there is a hiatus after the word "defendant's."

We find no reversible error in the record, and the judgment appealed from must be affirmed.

Affirmed.

### On Rehearing.

After a careful consideration of the testimony, we see no reason to change the conclusion reached in our original opinion, wherein it is stated:

"For aught that appears from the record, there was but one act of carnal knowledge, and, it not clearly and positively appearing that there were two separate and different acts, the trial court will not be placed in error in refusing to exclude the testimony of Alberta Franks, on the ground that the state 'had proven one act, and thereby elected to try the defendant for this particular act. As stated above the testimony does not so identify and particularize the facts and circumstances, as that they could not, and in fact did not, relate to but one and the same criminal act."

[15, 16] No objection appears to have been made by the state to the defendant proving the general bad character of the girl, with whom it is alleged the defendant had carnal knowledge. The testimony of several witnesses offered by defendant tended to show that the girl was of general bad character, while two of the defendant's witnesses testified, without objection, that the general character of the girl was good up to the time the defendant is alleged to have had carnal knowledge with her. Serious insistence is made that the trial court was in error in permitting the state to show in rebuttal that the general character of the girl was good up to the time the defendant is charged with having carnal knowledge with her. A sufficient answer would be that this was already in evidence out of the mouth of defendant's witnesses, and again, defendant's witness Andy Winsett having testified that her character was bad, and that he had heard some things about her character before this trouble with George Bryan, defendant, it was permissible for the state to show in rebuttal that previous to this trouble with defendant her character was good.

The application for rehearing is overruled.