## DEAN v. STATE. (7 Div. 810.)

(Court of Appeals of Alabama. Jan. 30, 1923.)

1. Criminal law ⊜⊃763, 764(7)—Instruction as to crime if jury believe evidence held proper.

Where, under the evidence in a prosecution for rape, defendant was guilty of the rape or of no offense, it was error to refuse defendant's requested instruction that "I charge you that, if the defendant is guilty of anything in this case, if you believe the evidence, he is guilty of rape."

2. Criminal law ⊜⊃448(11)—Testimony of prosecutrix held inadmissible as conclusion.

In a prosecution for rape, held error to permit prosecuting witness to testify "he was trying to force an intercourse with me," such testimony being a conclusion.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Eddie Dean was convicted of an assault, and he appeals. Reversed and remanded.

Isbell & Scott, of Ft. Payne, for appellant.

Force must be shown, as other facts, by competent testimony, and not by conclusions of the witness. 58 Ala. 376, 29 Am. Rep. 754; 2 Ala. App. 118, 56 South. 85; Code 1907, § 7697; 53 Ala. 453; 47 Ala. 540. It was error to refuse to charge the jury, at defendant's request, that, if the defendant was guilty of anything, he was guilty of rape.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The defendant was indicted on a charge of rape, and on his trial the jury returned a verdict finding him guilty of a simple assault. Under the undisputed evidence both for the state and the defendant, the defendant was either guilty of rape as charged in the indictment or he was guilty of no offense. After the evidence was all in, the defendant requested the court in writing to give this charge:

"I charge you that, if the defendant is guilty of anything in this case, if you believe the evidence, he is guilty of rape."

[1] It has so many times been held, as not now to need the citation of authority, that, where the evidence is without conflict, it is

---

[1] 18 Ala. App. 101.
[2] 18 Ala. App. 116.
[3] 18 Ala. App. 166.

[4] 18 Ala. App. 162.
[5] 18 Ala. App. 441.

the duty of the court, upon being requested to do so in writing, to instruct the jury affirmatively upon the effect of the evidence. In cases where the crime is charged in the highest degree, as in murder, and the evidence is such as that the jury would be warranted in finding the defendant guilty of a lesser degree of crime than the one charged, a charge similar to the one requested in this case has been held to be misleading and properly refused. In Williams v. State, 161 Ala. 52–58, 50 South. 59–61, Sayre, J., speaking for the court with reference to a similar charge, said:

"This charge was also faulty because it asserted the defendant's right 'to an acquittal on a failure to prove his guilt as charged. The indictment charged murder. But under it, *and under one aspect of the evidence*, [italics ours] the jury might have convicted the accused of manslaughter in the first degree."

And, in Stroball's Case, 116 Ala. 454, 23 South. 162, Brickell, C. J., speaking for the court, said:

"There was not a fact or circumstance in evidence having a tendency to reduce the killing to manslaughter in the second degree. Every fact in evidence tends to no other conclusion than that the killing was intentional. The instructions requested in reference to manslaughter in the second degree were abstract and properly refused."

In this case, under the evidence, there could be no degrees of guilt. The defendant either forcibly ravished the state's witness, or she yielded her consent. The issue was clear cut and positive, and the jury was not authorized under the evidence to render any verdict other than one of guilt or acquittal. That being the case, the defendant, if he dared make the issue, which he did, was entitled to the charge as requested. 22 R. C. L. 1230, par. 67.

[2] The court also erred in permitting the prosecuting witness to testify: "He was trying to force an intercourse with me." This was clearly a conclusion of the witness. 4 Mitchie's Dig. p. 206, par. 285(2).

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.