## REEVES v. STATE. (7 Div. 854.)

(Court of Appeals of Alabama. June 30, 1923.)

1. **Intoxicating liquors** ⟝238(2)—**Evidence of defendant's violation of prohibition law held sufficient to go to jury.**

Evidence *held* sufficient to go to jury on question of defendant's violation of prohibition law.

2. **Criminal law** ⟝752—**Demurrer to the evidence admits every inference or deduction which the testimony tends to establish.**

A demurrer to the evidence admits every inference or deduction which the testimony tends to establish and constitutes a waiver by defendant of rights and privileges conferred upon him by the Constitution and common law.

3. **Criminal law** ⟝1171(1)—**Argument of counsel held prejudicial.**

Argument of counsel in a prosecution for liquor violations, "This little still"· defendant "was operating in that community could raise more hell than you could imagine," *held* prejudicial; there being no evidence to establish that defendant had in fact been operating the still involved.

4. **Criminal law** ⟝1044, 1055—**In absence of exception or motion to exclude, argument of counsel not reviewable.**

Argument of counsel, though objectionable, is not reviewable where no exception is taken to it nor any motion made to exclude it from the jury.

Appeal from Circuit Court, DeKalb County; W. W. Haralson, Judge.

Cleveland Reeves was convicted of violating the prohibition law, and appeals. Reversed and remanded.

I. M. Presley and C. A. Wolfes, both of Ft. Payne, for appellant.

The trial judge should protect defendants in criminal cases from acts of the solicitor which may tend to influence the jury improperly against them. Simon v. State, 181 Ala. 90, 61 South. 801; Moon v. State, ante, p. 176, 95 South. 830. It was the burden of the state, in order to convict, to establish by evidence beyond a reasonable doubt that defendant possessed a still. Seigler v. State, ante, p. 135, 95 South. 563.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. At the close of the state's case the defendant interposed a demurrer to the testimony, which was overruled by the court, to which ruling the defendant excepted. He offered no testimony in his own behalf.

[1] The state's testimony went to show the defendant lived on a place owned by one

George Reece in DeKalb county, and that his house was about 200 yards from Reece's house in plain view. And as the officers approached Reece's house the defendant was on his (Reece's) porch. One of the witnesses testified that—

"I saw defendant, Reeves, rise up and went into the house, and before I got to the house Mr. Reeves came out and came to where I was, and I said 'Cleveland, I want to see you a little; I want to go to the place where you live,' and he said, 'All right,' and before we got there I seen Young Reece running toward Reeves' house, and we rushed 'on and walked pretty pert, and he got to the house and run out of the house away from where I could see him, and before we got there he came back on the north side of the house and was going up the branch. I just left the party and went right across the branch to a little swamp and stopped him. * * * We went on back to the house, and Reeves was there with the officers, * * * and they went back just across the fence in a little swamp place and found a still in there in a sack, and also found a part of a furnace out in the woods near defendant's house, something like 50 yards from his house but only a few steps from a little barn building."

He also testified that "they found some beer and stuff there." Other witnesses corroborated this witness as to finding the still in the sack, and the furnace and beer.

The state also introduced as a witness young Reece (the party who was seen running to defendant's house as the officers were approaching), and he testified:

"I remember when the officers came out to where my father lives. I was at my father's house when they came. The defendant, Reeves, was at my father's house. He asked me to go move a sack for him, as it might cause him trouble. He did not tell me where to move it; he said it was under the edge of the floor. I do not know what was in the sack. I took it back up on the hill and hid it under a brush heap."

On cross-examination he said:

"I took the sack about 200 yards from house and put it under a brush heap. I took it up on the hill. I did not take it down in the swamp and leave it."

And on redirect, he stated:

"I saw the officers and the sack they found. I could not say whether it was the one I moved or not."

We are of the opinion that this undisputed evidence presented a question for the determination of the jury. The fact that defendant induced young Reece to hurry to his house and move a sack "as it might get him in trouble," and the fact that near the house a sack containing a still was found in a swamp, the fact that young Reece was seen in the swamp returning in such a short period of time, the fact of the furnace having been found in such close proximity to the house of defendant and very near the barn—all this, coupled with the fact that the officers found in defendant's home a jar containing beer, we think constituted a chain of circumstances and facts which made it a question for the determination of the jury. This being true, there was no error in the action of the court in overruling the demurrer to the testimony interposed by defendant at the conclusion of the state's case.

[2] The effect of a demurrer to the evidence is that the defendant admits every inference or deduction the jury could legally make, and which the testimony tends to establish, and the defendant by pursuing this course burdens himself with the rigid technical rules and waives his rights and privileges conferred by the Constitution and the common law. It has been termed a dangerous practice in a criminal case and as a rule does not meet with the approval of the courts. Martin v. State, 62 Ala. 240.

[3] As to the argument of the solicitor insisted upon as being objectionable, unauthorized, and injurious to defendant, the record shows the following:

"The solicitor for the state in his closing argument to the jury made the following statement. 'This little still Cleveland Reeves was operating in that community could raise more hell than you could imagine.' The defendant objected to said remark of the solicitor as argument in the case and moved the court to exclude the same. The court overruled the objection and the motion to exclude, and the defendant excepted. The defendant then moved the court to withdraw the case from the jury because there was no evidence that there was any liquor made by defendant on that still, and said remark was therefore highly prejudicial to the defendant. The motion was denied, and defendant excepted."

The indictment under which this defendant was charged contained two counts. Count 1 charged him with distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. In other words, the substance of the charge contained in the first count was that the defendant had operated the still for the purposes stated. There was a total lack of evidence to sustain count 1 and this was affirmatively adjudicated by the court having given at the request of defendant in writing the general charge as to this count. There being no evidence whatever that defendant was operating a still in that community, the remark of the solicitor above quoted, and to which objection was made, was wholly unauthorized and a statement of fact by the solicitor not based upon the testimony. The court should have sustained the objection and should have granted the motion and erred in its rulings by not doing so.

[4] The other remark of the solicitor complained of is also objectionable; but as the

defendant did not object to the remark and move its exclusion from the jury, this question is not presented for review. Lambert v. State, 208 Ala. 42, 93 South. 708. Nor was this question presented by motion for new trial as could have been done. B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 350, 57 South. 876, Ann. Cas. 1914C, 1037. No motion was made for new trial. The defendant simply moved the court, in this instance, to withdraw the case from the jury and this the court declined to do without error.

This case must of necessity be reversed on account of the improper remarks of the solicitor to which the court overruled the timely objection interposed and denied the motion to exclude.

The right to a fair and impartial trial is violated by the misconduct of counsel in stating to the jury facts not in evidence or unwarranted thereby, because by so doing he improperly testifies without having been sworn as a witness. This is not only giving testimony unsanctioned by an oath, but testimony not subject to the test of cross-examination, and testimony which an aggrieved litigant has no opportunity to refute by contradictory and explanatory proof. A trial court is without authority to permit the right of the litigant to a fair trial to be infringed by the unsworn and incompetent statement of counsel in argument to the jury. It has been said to be the duty of the public prosecutor in a criminal trial to see that the defendant has a fair trial, and that nothing shall be submitted to the jury but competent evidence, and above all to guard against anything that might prejudice the minds of the jurors and tend to hinder them from considering only the evidence introduced. State v. Irwin, 9 Idaho, 35, 71 Pac. 608, 60 L. R. A. 716. And language which might be permitted to counsel in summing up on the trial of a civil action cannot be used with propriety by a public prosecutor who is quasi judicial officer representing the people of the state and is presumed to act impartially in the interest only of justice.

In Cassemus v. State, 16 Ala. App. 61, 75 South. 267, this court made use of expressions peculiarly applicable to the case at bar. We there said:

"The remarks of the solicitor complained of * * * were made in the presence of the jury, and, coming as they did, from the representative of the state, the solicitor, holding and wielding the great power and influence of that office in Jefferson county, may have had the tendency to prejudice and bias the jury against the defendant."

The Constitution and laws of this state contemplate, and so far as the English language can prescribe guarantee, to every one on trial for his life or liberty a fair and impartial trial, free from prejudicial error. Every officer of the state assumes an oath to support the Constitution; and it follows that an officer charged with the grave responsibilities of a prosecuting attorney should be ever guarded in his utterances and actions in the prosecution of unfortunate citizens charged with crime, so that by no word or act of his justice should miscarry even as against the humblest.

The errors herein noted necessitate a reversal of the judgment of conviction appealed from. The cause is remanded.

Reversed and remanded.