Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The complaint follows the statute, and is not subject to demurrer. Oliver v. State, 16 Ala. App. 533, 79 So. 313.

(103 So. 73)

DAVIS v. STATE.  (1 Div. 581.)

(Court of Appeals of Alabama.  Jan. 20, 1925.)

1. Criminal law ⊚═448(11) — Statement of prosecutrix as witness that accused tried to have intercourse with her not conclusion.

In prosecution for carnal knowledge of girl under age of consent, statement of prosecutrix as witness that accused tried to have intercourse with her was not a conclusion.

2. Criminal law ⊚═678(1)—Question of election by state as to act on which it will proceed does not arise on evidence of only one offense.

In prosecution for carnal knowledge of girl under age of consent, where only evidence of offense related to one occasion, state is not required to elect act on which it will proceed.

3. Rape ⊚═44—Acts of undue familiarity between accused and prosecutrix under age of consent before offense admissible.

In prosecution for carnal knowledge of girl under age of consent, acts of undue familiarity between accused and girl prior to offense naturally leading toward cohabitation are relevant and admissible as tending to corroborate main fact in issue.

4. Rape ⊚═43(2)—Paternity of child not necessarily material inquiry.

In prosecution for carnal knowledge of girl under age of consent, paternity of child born to girl is not necessarily material inquiry.

5. Rape ⊚═43(2)—Birth of child material and relevant as tending to prove corpus delicti.

In prosecution for carnal knowledge of girl under age of consent, birth of child is material and relevant as tending to prove corpus delicti.

6. Criminal law ⊚═304(3)—Court knows as scientific fact that when child is born there has been act of intercourse, and, as matter of common knowledge, duration of normal gestation period.

Court knows as scientific fact that when child is born there has been sexual intercourse, and, as matter of common knowledge, that normal gestation period is about 270 days.

7. Rape ⊚═43(2)—Proof of birth of child establishes fact of carnal knowledge, and tends to fix time of committing offense.

Proof of birth of child to girl under 16 years of age establishes fact of carnal knowledge and tends to fix time at which offense was committed, and is material in prosecution for carnal knowledge.

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Rape ⬤⇒43(2)—Birth of child to girl under age of consent not evidence that accused is guilty person.**

In prosecution for carnal knowledge of girl under age of consent, proof of birth of child, while establishing fact of carnal knowledge and tending to fix time of commission of offense, is not evidence that accused is guilty person.

**9. Rape ⬤⇒40(5)—Fact that another had carnal knowledge of girl under age of consent held immaterial.**

In prosecution for carnal knowledge of girl under age of consent, fact that another had carnal knowledge of her about time of offense relied on is immaterial.

**10. Rape ⬤⇒1—Each act of carnal knowledge of girl under age of consent is separate and distinct offense.**

Each act of carnal knowledge of girl under age of consent is separate and distinct offense.

**11. Criminal law ⬤⇒683(1)—Accused should be allowed to show in rebuttal whether child had come to natural development at birth.**

In prosecution for carnal knowledge of girl under age of consent, where state proved date of birth of child, accused should have been allowed to prove in rebuttal by physician attending her whether child had come to natural development at time of birth, as fixing date of alleged offense.

**12. Criminal law ⬤⇒444—Exclusion of marriage certificate not shown to be correct held proper.**

In prosecution for carnal knowledge of girl under age of consent, exclusion of marriage certificate of sister of witness, not shown to be correct either by witnesses or as family monument, was proper.

**13. Criminal law ⬤⇒808—Reference, in oral charge as to evidence of accused's good character, to famous criminal case, not error.**

In prosecution for carnal knowledge of girl under age of consent, after charging as to consideration of evidence of accused's good character, reference to a famous criminal case, and stating that accused therein was person of good reputation, but committed heinous offense for which he was hanged, was not error.

**14. Criminal law ⬤⇒762(1)—Instruction to jury may use apt illustrations from historical facts or assume state of facts, if province of jury is not invaded.**

In instructing jury, judges should take care not to intimate opinion on evidence, but can use apt illustrations from historical facts or assume state of facts, if province of jury is not invaded.

**15. Criminal law ⬤⇒718—Statement of solicitor in argument that accused had brought nameless baby into world and was trying to escape responsibility held improper.**

In prosecution for carnal knowledge of girl under age of consent, statement of solicitor in argument that accused had brought nameless baby into world and was trying to escape responsibility was improper, and should have

been excluded; accused not being on trial for being father of child, whose paternity was not in issue.

**16. Criminal law ⬤⇒686(1)—Statute restraining reopening of case for admission of evidence held to apply to criminal cases.**

Code 1907, § 5351, restraining reopening of case at any stage before judgment for admission of evidence, applies to criminal cases.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

George A., alias Ollie, Davis was convicted of having carnal knowledge of a girl between the ages of 12 and 16 years, and he appeals. Reversed and remanded.

Outlaw & Kilborn, of Mobile, for appellant.

The mere opinion or conclusion of a witness is inadmissible. Dean v. State, 19 Ala. App. 96, 95 So. 328. Having elected to prosecute for one offense, the state should not have been permitted to offer evidence of a subsequent offense. Thomas v. State, ante, p. 128, 101 So. 93; Pope v. State, 137 Ala. 56. Evidence to the effect that another was probably the father of the child should have been admitted. Palmer v. State, 165 Ala. 129, 51 So. 358; Mitchell v. State, ante, p. 165, 101 So. 168. The marriage certificate of the sister of the prosecutrix, who was married the year prosecutrix was born, should have been admitted. Boyett v. State, 130 Ala. 77, 30 So. 475, 89 Am. St. Rep. 19. The remark of the trial judge in his oral charge was error. Rigell v. State, 8 Ala. App. 46, 62 So. 977; Pate v. State, 19 Ala. App. 243, 96 So. 649; Dennison v. State, 17 Ala. App. 674, 88 So. 211. It was error to reopen the case. Code 1907, § 5351; A. G. S. v. Smith, 209 Ala. 301, 96 So. 239.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The statement by the prosecutrix was not a conclusion, but a shorthand rendering of facts. Reeves v. State, 96 Ala. 33, 11 So. 296; 1 Mayfield's Dig. 336. Reopening of the case was discretionary with the trial court. Mooneyham v. Herring, 204 Ala. 332, 85 So. 390; A. G. S. v. Smith, 209 Ala. 301, 96 So. 239.

SAMFORD, J. [1] On the trial of this case the prosecuting witness, a girl about 17 years of age at the time of trial, was permitted to testify over the objection of defendant that at a certain time defendant "tried to have intercourse with me." It is insisted here that this is a conclusion of the witness. It is true that in Dean v. State, 19 Ala. App. 96, 95 So. 328, this court held that a witness could not testify to the conclusion, "He was trying to force an intercourse with me," but the question here is very different.

In the Dean Case the conclusion was as to force and not as to intercourse. Intercourse between male and female is quite well understood, while force is a relative word requiring facts from which conclusions may be drawn. The statement of the witness in this case cannot be classed as a conclusion. 1 Mayfield, p. 336 (27).

[2, 3] The question of election as to which act the state is proceeding on does not arise in this case. The only evidence of carnal knowledge is confined to one time, to wit, some time after an occurrence at defendant's home in the month of July, when defendant was fondling and loving and kissing the girl, and tried to have intercourse but could not succeed. One of the exceptions to the general rule that proof of other acts may not be admitted is in a prosecution for carnal knowledge of a girl under the age of consent where the acts took place prior to the act charged in the indictment, as tending to sustain the principal charge. Thomas v. State (Ala. App.) 101 So. 93;[1] 22 R. C. L. p. 1205, par. 40. Upon this principle, acts of undue familiarity between the defendant and the girl prior to the act of carnal knowldge complained of, naturally leading towards cohabitation, are relevant and admissible in evidence as tending to corroborate the main fact in issue.

[4-8] In a prosecution for carnal knowledge of a girl under 16 years of age, the paternity of a baby born to the girl is not necessarily a material inquiry. The fact that the girl gave birth to a child is material and relevant as tending to prove the corpus delicti. We know as a scientific fact that when a child is born there has been an act of sexual intercourse, and as a matter of common knowledge we also know that the period of normal gestation is approximately 270 days. So that the proof of the birth of a child to a girl under 16 years of age may be said to establish the fact of carnal knowledge and to tend to fix the time at which the crime was committed. But neither of these facts can be taken as evidence that the defendant is the guilty agent. 33 Cyc. p. 1476.

[9, 10] The fact, if it be a fact, that another than defendant had had carnal knowledge of the girl along about the time as fixed by the state in its charge against the defendant is immaterial to this inquiry. Each act of carnal knowledge of a girl under 16 years of age is a separate and distinct offense, and the fact that another than defendant was also guilty of a crime with the girl would in no wise tend to exonerate defendant or shed any light on this transaction. Martin v. State, 17 Ala. App. 73, 81 So. 851; Bryan v. State, 18 Ala. App. 199, 89 So. 894.

[11] The state had offered evidence tending to prove that the girl in this case gave birth to a child on March 26th, after the alleged crime had been committed. This evidence was admissible for the purpose of proving a crime and fixing the time. In rebuttal of this the defendant should have been permitted to prove by the physician attending at the birth as to whether the child born had come to a natural development at the time of birth. Courts cannot ignore well-known natural laws, and physical conditions relating to birth of children may become very important in corroborating or contradicting the testimony as to the time at which a crime of this nature was committed.

[12] There was no evidence of the correctness of the marriage certificate of the sister of the witness Howell, which was offered in connection with the testimony of Howell as to the age of the girl, and for that reason the certificate was properly excluded. The age of the girl was a material inquiry and a witness might make a marriage certificate of third parties relevant by fixing the date of the girl's birth as of the date of such certificate. When this is the case, the correctness of the marriage certificate, either by witnesses who know or as a family monument, must be established. Boyett v. State, 130 Ala. 77, 30 So. 475, 89 Am. St. Rep. 19.

[13, 14] In his oral charge to the jury, after correctly instructing the jury as to how they should consider the evidence of the good character of the defendant, the court said:

"For instance, Prof. Webster, who was hung for murder. Before he committed that crime he was a man of excellent reputation, but he committed a heinous crime and was hung for it."

To this exception was duly taken. Judges should always exercise care in the giving of their instructions to the jury so as not to give any intimation of an opinion upon the evidence to be considered by the jury. In doing this it is permissible to use apt illustrations, either from historical facts or an assumed state of facts, so long as neither of these invade the province of the jury. In the particular instance here complained of the trial judge did not commit error. 38 Cyc. 1671g.

[15] During the argument of the solicitor he made use of this statement:

"The defendant has brought a nameless baby into the world and is trying to escape responsibility for it."

Objection and exception were properly reserved to this statement. The defendant was not on trial for being the father of a bastard child, nor was the paternity of the child an issue in the case, and we have no doubt, if the jury believed that defendant was in fact the father of the child, that fact, though legally it should not, would weigh heavily against him. Palmer v. State, 165 Ala. 129–134, 51 So. 358. The statement was highly improper and should have been excluded.

[1] Ante, p. 128.

20 ALA.APP.—30

Wallace v. State, 16 Ala. App. 85, 75 So. 633; Cassemus v. State, 16 Ala. App. 61, 75 So. 267.

[16] After the evidence had been closed, the arguments had, the jury instructed, and they had been considering the case for several hours, it was made known to the court that the jury could not agree and that the disagreement arose over a question of fact. The foreman of the jury asked that the jury might have the birth record of Mobile county. Whereupon the court asked defendant's counsel, in the presence and hearing of the jury: "Are you willing to reopen this case to the extent of getting the birth record of this prosecutrix?" To which counsel replied: "No, sir; not unless the case is opened as a whole." It was then made known to the court that defendant also had a witness he wished to offer on the question of age. The court then, over the objection and exception of defendant, declined to reopen the case, but did permit the testimony of the county health officer and the introduction of a birth certificate of a female child to the woman of the same name of the prosecutrix. Section 5351 of the Code of 1907 was adopted deliberately as a restraint upon the laxity of the common-law practice of permitting trial judges at any stage of a trial, before judgment, to reopen cases for the admission of evidence. The statute has been so construed in A. G. S. R. Co. v. Smith, 209 Ala. 301, 96 So. 239, and while that is a civil case the statute is also applicable in criminal cases.

The other questions presented will probably not arise on another trial.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

