TYSON, Judge.
Clarence Reed was indicted and tried for attempted rape in the first degree. The jury found the appellant “guilty as charged in the indictment” and the trial judge sentenced him to 20 years’ imprisonment in the penitentiary.
The facts and circumstances of the offense are not relevant to the issues raised on appeal. Those facts necessary for the disposition of this appeal will be included in this opinion.
I
During the presentation of the State’s case-in-chief, Officer L.G. Brower of the Fairhope Police Department testified that he conducted an investigation of the alleged offense. During cross-examination, Brower made reference to a portion of his report on this investigation of this offense. The report consisted of four pages and Brower’s references to the report in his testimony concerned only one page of this report. The report was never marked for identification or introduced into evidence by either party during the course of the trial. No further references were made concerning this report.
After the jury had begun its deliberations, they asked the court for Brower’s report. Defense counsel strenuously objected as can be seen from the following excerpt from the record:
“MR. BOLTON: That’s correct. It was what he not necessarily saw. Now, the report as provided to me by the District Attorney was a report consisting of four pages and the only reference to the report was part of one of the pages and the rest of the report was never marked or *642 read from or referred to m front of the jury or exhibited to the jury. It was never sought to be either identified or introduced by the State or the defense. It was not simply part of the proceedings. I don’t think that the jury is entitled to that report since it was not really evidence in the case.” (R. 276).
We agree with the appellant that Brow-er’s entire report should not have been given to the jury.
Section 15-14-4, Code of Alabama 1975 gives a trial court permission to allow the introduction of additional evidence “... at any time before the conclusion of argument ...” Ala.Code § 15-14-4 (1975) (emphasis added). In the case at bar, only one page of Brower’s report had been referred to during the course of the trial. Since the entire report had not been admitted into evidence during the course of the trial, only those matters referred to by Brower in his testimony constituted legal evidence. Those matters were limited to one page of this report. Allowing the jury to have the other three pages of the report was, in effect, permitting the introduction of additional evidence. This is clearly error once the case has been submitted to the jury. Harris v. State, 371 So.2d 979 (Ala.Crim.App.), cert. denied, 371 So.2d 984 (Ala.1979); Jolly v. State, 405 So.2d 76 (Ala.Crim.App.1981). See also Davis v. State, 20 Ala.App. 463, 103 So. 73 (1925) and Gamble, McElroy’s Alabama Evidence § 438.01(2) (3d ed. 1977).
The State disagrees and cites us to an analogy. See McElroy, supra, § 123.01(6). This section states that a diagram may be taken with the jury into it’s deliberation, if the diagram has been used in connection with testimony, even though the diagram has not been admitted into evidence. This analogy fails because the jury is allowed to see the diagram during the course of the trial. However, in our situation, the jury did not have any knowledge of the contents of the additional three pages of the Brow-er’s report.
It seems totally unfair to this court to allow the jury to have evidence before them during deliberations that defense counsel had no prior knowledge of or any indication that such would be turned over to them. Counsel had no opportunity to cross-examine the witness on these other matters.
The court’s resolution of this issue makes it unnecessary to discuss the related issue which was raised on appeal.
This case is due to be and is hereby reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.